**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

AMNEAL PHARMACEUTICALS LLC,
and IMPAX LABORATORIES, LLC,

Plaintiffs,

v.

ALEMBIC PHARMACEUTICALS LTD.
and ALEMBIC PHARMACEUTICALS, INC.,

Defendants.

C.A. No. _____

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs Amneal Pharmaceuticals LLC ("Amneal") and Impax Laboratories, LLC ("Impax") (individually and collectively "Plaintiffs"), by their undersigned attorneys, for their Complaint against Alembic Pharmaceuticals Ltd. ("APL") and Alembic Pharmaceuticals, Inc. ("API") (individually and collectively "Defendants"), hereby allege as follows:

**NATURE OF THE ACTION**

1.      This is an action for patent infringement arising under the food and drug laws and patent laws of the United States, Titles 21 and 35 of the United States Code, respectively, arising from Defendants' submission of an Abbreviated New Drug Application ("ANDA") to the U.S. Food and Drug Administration ("FDA") seeking approval to manufacture and sell generic versions of Plaintiffs' CREXONT® (carbidopa and levodopa) extended-release capsules prior to the expiration of United States Patent Nos. 10,098,845 ("the '845 patent"), 10,292,935 ("the '935 patent"), 10,688,058 ("the '058 patent"), 10,973,769 ("the '769 patent"), 10,987,313 ("the '313 patent"), 11,357,733 ("the '733 patent"), 11,622,941 ("the '941 patent"), 11,666,538 ("the '538 patent"), 12,064,521 ("the '521 patent"), 12,178,918 ("the '918 patent"), 12,403,099 ("the '099

patent"), 12,491,164 ("the '164 patent"), 11,986,449 ("the '449 patent"), 12,109,185 ("the '185 patent"), 12,194,150 ("the '150 patent"), 12,201,596 ("the '596 patent"), 12,303,482 ("the '482 patent"), 12,370,163 ("the '163 patent"), 12,447,139 ("the '139 patent"), 12,453,710 ("the '710 patent"), 12,458,616 ("the '616 patent"), 12,128,141 ("the '141 patent"), 12,178,919 ("the '919 patent"), 12,274,793 ("the '793 patent"), 12,303,605 ("the '605 patent"), 12,263,148 ("the '148 patent"), 12,295,931 ("the '931 patent"), 12,303,481 ("the '481 patent"), and 12,263,149 ("the '149 patent") (collectively, the "Patents-in-Suit"), and before the expiration dates of other patents listed in the Orange Book for CREXONT®.

## THE PARTIES

2. Plaintiff Impax is a limited liability company organized and existing under the laws of the State of Delaware and is wholly-owned by Amneal. Impax's registered business address is 400 Crossing Boulevard, 3rd Floor, Bridgewater, New Jersey 08807. Plaintiff Amneal is a limited liability company organized under the laws of Delaware with a principal place of business at 400 Crossing Boulevard, 3rd Floor, Bridgewater, New Jersey 08807.

3. On information and belief, Defendant Alembic Pharmaceuticals Ltd. ("APL") is a company organized and existing under the laws of the Republic of India, having its principal place of business at Alembic Road, Vadodara 390 003, Gujarat, India.

4. On information and belief, Defendant Alembic Pharmaceuticals, Inc. ("API") is an entity organized and existing under the laws of the State of Delaware, having its principal place of business at 550 Hills Drive, Suite 104B, Bedminster, New Jersey 07921. On information and belief, API is a wholly-owned direct subsidiary of APL and acts as its agent in the United States.

5. On information and belief, APL is in the business of, among other things, manufacturing and selling generic versions of branded pharmaceutical products for the United States market. As a part of this business, on information and belief, APL, acting in concert with

API, files ANDAs with the Food and Drug Administration ("FDA") seeking approval to engage in, and engages in, the commercial manufacture, use, offer for sale, sale, and/or importation of generic versions of drug products prior to the expiration of U.S. patents that cover such products.

6.      On information and belief, and consistent with their practice with respect to other generic products, APL and API acted in concert to prepare and submit ANDA No. 221545 for Alembic's ANDA Products (defined below), which was done at the direction of, under the control of, and for the direct benefit of APL.

7.      On information and belief, APL and API are agents of each other and/or operate in concert as integrated parts of the same business group, including with respect to Alembic's ANDA Products, and enter into agreements with each other that are nearer than arm's length, including with respect to the development, regulatory approval, marketing, sale, offer for sale, and distribution of generic pharmaceutical products thought the United States, including into Delaware, and including with respect to Alembic's ANDA Products at issue. On information and belief, API participated in, assisted, and cooperated with APL in the acts complained of herein.

8.      On information and belief, following any FDA approval of Alembic's ANDA, APL and API will act in concert to distribute and sell Alembic's ANDA Products throughout the United States, including within Delaware.

**<u>JURISDICTION AND VENUE</u>**

9.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331, 1338(a). Declaratory judgment relief is authorized under 28 U.S.C. §§ 2201 and 2202.

10.      This Court has personal jurisdiction over each of APL and API.

11.      APL is subject to personal jurisdiction in Delaware because, among other things, APL, itself and through its subsidiary API, has purposefully availed itself of the benefits and

protections of Delaware's laws such that it should reasonably anticipate being haled into court here. Upon information and belief, APL, itself and through its subsidiary API, develops, manufactures, imports, markets, offers to sell, and/or sells generic drugs throughout the United States, including in the State of Delaware and therefore transacts business within the State of Delaware. In addition, APL is subject to personal jurisdiction in Delaware because, upon information and belief, it controls API and therefore the activities of API in this jurisdiction are attributed to APL.

12.    API is subject to personal jurisdiction in Delaware because, among other things, it has purposely availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being haled into court here. API is a corporation organized and existing under the laws of the State of Delaware, is qualified to do business in Delaware, and has appointed a registered agent for service of process in Delaware (National Registered Agents, Inc., 1209 Orange Street, Wilmington, DE 19801) to accept service of process. It therefore has consented to general jurisdiction in Delaware. In addition, upon information and belief, API develops, manufactures, imports, markets, offers to sell, and/or sells generic drugs throughout the United States, including in the State of Delaware and therefore transacts business within the State of Delaware related to Plaintiffs' claims, and/or has engaged in systematic and continuous business contacts within the State of Delaware.

13.    On information and belief, API is responsible for marketing, distributing, offering for sale, and/or selling generic copies of branded pharmaceutical products for the U.S. market, including in Delaware, and relies on contributions from APL to do so.  On information and belief, Defendants, either directly or indirectly, develops, manufactures, imports, markets, distributes, and/or sells pharmaceutical products that are and/or will be manufactured and sold, pursuant to

ANDA filings or other regulatory filings, throughout the United States, including in this Judicial District.

14.     On information and belief, API, acting as the agent of APL, markets, distributes, offers for sale, and/or sells in Delaware and elsewhere in the United States generic pharmaceutical products that are manufactured by APL or for which APL is the named applicant on approved ANDAs.

15.     In addition, this Court has personal jurisdiction over APL and API because, among other things, on information and belief, APL, acting in concert with API, has filed ANDA No. 221545 for the purpose of seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of CREXONT® (carbidopa and levodopa) extended-release capsules described in ANDA No. 221545 in the United States, including in Delaware.

16.     In addition, on information and belief, Alembic's ANDA Products will be prescribed by physicians practicing in Delaware, dispensed by pharmacies located within Delaware, and/or used by patients in Delaware, all of which would have a substantial effect on Delaware.

17.     In addition, APL is subject to personal jurisdiction in Delaware because, on information and belief, APL derives substantial revenue from generic pharmaceutical products that are used and/or consumed within Delaware, and that are manufactured by API and/or APL, for which APL is the named applicant on approved ANDAs. On information and belief, various products for which APL is the named applicant on approved ANDAs are available at retail pharmacies in Delaware.

18.     Alternatively, if APL's connections with Delaware, including its connections with API, are found to be insufficient to confer personal jurisdiction, then on information and belief,

APL is not subject to jurisdiction in any state's courts of general jurisdiction, and exercising jurisdiction over APL in Delaware is consistent with the United States Constitution and laws. See Fed. R. Civ. P. 4(k)(2).

19.    APL and/or API have previously used the process contemplated by the Hatch-Waxman Act to challenge branded pharmaceutical companies' patents by filing a certification of the type described in Section 505(j)(2)(A)(vii)(IV) of the FDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV), serving a notice letter on those companies, and engaging in patent litigation arising from the process contemplated by the Hatch-Waxman Act.

20.    Upon information and belief, APL, with knowledge of the Hatch-Waxman Act process, directed Alembic's Notice Letter to Plaintiffs, entities formed in Delaware.   Upon information and belief, APL knew when it did so that it was triggering the forty-five-day period for Plaintiffs to bring an action for patent infringement under the Hatch-Waxman Act.   Since Plaintiffs are formed in Delaware, Plaintiffs suffer injury and consequences from APL's filing of Alembic's ANDA, in Delaware.

21.    Further, this Court has personal jurisdiction over APL and API because they regularly engage in patent litigation concerning FDA approved branded drug products in this District, have consented to jurisdiction in Delaware in one or more prior cases arising out of the filing of their ANDAs, and/or they have filed counterclaims in such cases. *See, e.g.*, *Orion Corporation v. Alembic Pharmaceuticals Limited*, Civ. No. 1:25-cv-00825, D.I. 12 (D. Del. Sept. 8, 2025); *Array BioPharma Inc. v. Alembic Pharmaceuticals Limited et al.*, Civ. No. 1:25-cv-01016, D.I. 11 (D. Del. Oct. 20, 2025); *Bow River LLC v. Alembic Pharmaceuticals Ltd. et al.*, Civ. No. 1:25-cv-1017, D.I. 13 (D. Del. Oct. 20, 2025); *Actelion Pharmaceuticals US, Inc. v.*

*Alembic Pharmaceuticals Limited et al.*, Civ. No. 1:22-cv-1450, D.I. 12 (D. Del. Feb. 9, 2023) (collectively, the "Prior Actions").

22.    Venue is proper in this district as to API pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, inter alia, API is a corporation organized and existing under the laws of the State of Delaware and is subject to personal jurisdiction in this judicial district.

23.    Venue is proper in this district as to APL pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, inter alia, APL is a company organized and existing under the laws of the Republic of India and is subject to personal jurisdiction in this judicial district.

24.    For at least the foregoing reasons set forth above, this Court has personal jurisdiction over Defendants because, on information and belief, Defendants: (a) have substantial, continuous, and systematic contacts with the State of Delaware; (b) have in the past and intend in the future to manufacture, market, import, offer to sell, sell, and/or distribute Defendants' pharmaceutical products to residents of the State of Delaware; (c) maintain a distributorship network within the State of Delaware; (d) enjoy income from sales of their generic pharmaceutical products in the State of Delaware; (e) are located in and/or have consented to and/or not contested personal jurisdiction in the Prior Actions; and (f) have availed themselves of the jurisdiction of this Court by asserting counterclaims in at least one of the Prior Actions.

25.    For at least the foregoing reasons, venue is proper in this Judicial District under 28 U.S.C. §§ 1391 and/or 1400(b). Among other reasons, venue is proper in this Judicial District because, on information and belief, (a) APL has a principal place of business in India, but has significant, continuous contacts in this Judicial District, including without limitation through API, and will continue to engage in infringing activities in Delaware, (b) API is a Delaware entity and is therefore resident in Delaware, and has significant, continuous contacts in this Judicial District

and will continue to engage in infringement activities in Delaware, and (c) Defendants APL and API have each previously consented to and/or not contested venue in this Judicial District in at least one of the Prior Actions.

## BACKGROUND

### U.S. Patent No. 10,098,845

26.    On October 16, 2018, the United States Patent & Trademark Office ("PTO"), duly and legally issued United States Patent No. 10,098,845 ("the '845 patent") entitled "Muco-Adhesive, Controlled Release Formulation of Levodopa and/or Esters of Levodopa and Uses Thereof" to inventors Ann Hsu, Liang Dong, Amy Ding, and Suneel Gupta. The '845 patent is owned by assignment by Impax and per the FDA Orange Book patent data will expire on October 7, 2034. A true and correct copy of the '845 patent is attached as **Exhibit 1**.

### U.S. Patent No. 10,292,935

27.    On May 21, 2019, the PTO duly and legally issued United States Patent No. 10,292,935 ("the '935 patent") entitled "Muco-Adhesive, Controlled Release Formulation of Levodopa and/or Esters of Levodopa and Uses Thereof" to inventors Ann Hsu, Liang Dong, Amy Ding, and Suneel Gupta. The '935 patent is owned by assignment by Impax and per the FDA Orange Book patent data will expire on October 7, 2034. A true and correct copy of the '935 patent is attached as **Exhibit 2**.

### U.S. Patent No. 10,688,058

28.    On June 23, 2020, the PTO duly and legally issued United States Patent No. 10,688,058 ("the '058 patent") entitled "Muco-Adhesive, Controlled Release Formulation of Levodopa and/or Esters of Levodopa and Uses Thereof" to inventors Ann Hsu, Liang Dong, Amy Ding, and Suneel Gupta. The '058 patent is owned by assignment by Impax and per the FDA

Orange Book patent data will expire on October 7, 2034. A true and correct copy of the '058 patent is attached as **Exhibit 3**.

### U.S. Patent No. 10,973,769

29.     On April 13, 2021, the PTO duly and legally issued United States Patent No. 10,973,769 ("the '769 patent") entitled "Muco-Adhesive, Controlled Release Formulation of Levodopa and/or Esters of Levodopa and Uses Thereof" to inventors Ann Hsu, Liang Dong, Amy Ding, and Suneel Gupta. The '769 patent is owned by assignment by Impax and per the FDA Orange Book patent data will expire on October 7, 2034. A true and correct copy of the '769 patent is attached as **Exhibit 4**.

### U.S. Patent No. 10,987,313

30.     On April 27, 2021, the PTO duly and legally issued United States Patent No. 10,987,313 ("the '313 patent") entitled "Muco-Adhesive, Controlled Release Formulation of Levodopa and/or Esters of Levodopa and Uses Thereof" to inventors Ann Hsu, Liang Dong, Amy Ding, and Suneel Gupta. The '313 patent is owned by assignment by Impax and per the FDA Orange Book patent data will expire on October 7, 2034. A true and correct copy of the '313 patent is attached as **Exhibit 5**.

### U.S. Patent No. 11,357,733

31.     On June 14, 2022, the PTO duly and legally issued United States Patent No. 11,357,733 ("the '733 patent") entitled "Muco-Adhesive, Controlled Release Formulation of Levodopa and/or Esters of Levodopa and Uses Thereof" to inventors Ann Hsu, Liang Dong, Amy Ding, and Suneel Gupta. The '733 patent is owned by assignment by Impax and per the FDA

Orange Book patent data will expire on October 7, 2034. A true and correct copy of the '733 patent is attached as **Exhibit 6**.

### U.S. Patent No. 11,622,941

32.    On April 11, 2023, the PTO duly and legally issued United States Patent No. 11,622,941 ("the '941 patent") entitled "Muco-Adhesive, Controlled Release Formulation of Levodopa and/or Esters of Levodopa and Uses Thereof" to inventors Ann Hsu, Liang Dong, Amy Ding, and Suneel Gupta. The '941 patent is owned by assignment by Impax and per the FDA Orange Book patent data will expire on October 7, 2034. A true and correct copy of the '941 patent is attached as **Exhibit 7**.

### U.S. Patent No. 11,666,538

33.    On June 6, 2023, the PTO duly and legally issued United States Patent No. 11,666,538 ("the '538 patent") entitled "Muco-Adhesive, Controlled Release Formulation of Levodopa and/or Esters of Levodopa and Uses Thereof" to inventors Ann Hsu, Liang Dong, Amy Ding, and Suneel Gupta. The '538 patent is owned by assignment by Impax and per the FDA Orange Book patent data will expire on October 7, 2034. A true and correct copy of the '538 patent is attached as **Exhibit 8**.

### U.S. Patent No. 12,064,521

34.    On August 20, 2024, the PTO duly and legally issued United States Patent No. 12,064,521 ("the '521 patent") entitled "Muco-Adhesive, Controlled Release Formulation of Levodopa and/or Esters of Levodopa and Uses Thereof" to inventors Ann Hsu, Liang Dong, Amy Ding, and Suneel Gupta. The '521 patent is owned by assignment by Impax and per the FDA

Orange Book patent data will expire on October 7, 2034. A true and correct copy of the '521 patent is attached as **Exhibit 9.**

### U.S. Patent No. 12,178,918

35.    On December 31, 2024, the PTO duly and legally issued United States Patent No. 12,178,918 ("the '918 patent") entitled "Muco-Adhesive, Controlled Release Formulation of Levodopa and/or Esters of Levodopa and Uses Thereof" to inventors Ann Hsu, Liang Dong, Amy Ding, and Suneel Gupta. The '918 patent is owned by assignment by Impax and per the FDA Orange Book patent data will expire on October 7, 2034. A true and correct copy of the '918 patent is attached as **Exhibit 10.**

### U.S. Patent No. 12,403,099

36.    On September 2, 2025, the PTO duly and legally issued United States Patent No. 12,403,099 ("the '099 patent") entitled "Muco-Adhesive, Controlled Release Formulation of Levodopa and/or Esters of Levodopa and Uses Thereof" to inventors Ann Hsu, Liang Dong, Amy Ding, and Suneel Gupta. The '099 patent is owned by assignment by Amneal and per the FDA Orange Book patent data will expire on October 7, 2034. A true and correct copy of the '099 patent is attached as **Exhibit 11.**

### U.S. Patent No. 12,491,164

37.    On December 9, 2025, the PTO duly and legally issued United States Patent No. 12,491,164 ("the '164 patent") entitled "Muco-Adhesive, Controlled Release Formulation of Levodopa and/or Esters of Levodopa and Uses Thereof" to inventors Ann Hsu, Liang Dong, Amy Ding, and Suneel Gupta. The '164 patent is owned by assignment by Amneal and per the FDA Orange Book patent data will expire on October 7, 2034. A true and correct copy of the '164 patent

is attached as **Exhibit 12.**

### U.S. Patent No. 11,986,449

38.     On May 21, 2024, the PTO duly and legally issued United States Patent No. 11,986,449 ("the '449 patent") entitled "Levodopa Dosing Regimen" to inventors Richard D'Souza, Hester Visser, and Suneel Gupta. The '449 patent is owned by assignment by Amneal and per the FDA Orange Book patent data will expire on December 21, 2041. A true and correct copy of the '449 patent is attached as **Exhibit 13**.

### U.S. Patent No. 12,109,185

39.     On October 8, 2024, the PTO duly and legally issued United States Patent No. 12,109,185 ("the '185 patent") entitled "Levodopa Dosing Regimen" to inventors Richard D'Souza, Hester Visser, and Suneel Gupta. The '185 patent is owned by assignment by Amneal and per the FDA Orange Book patent data will expire on December 21, 2041. A true and correct copy of the '185 patent is attached as **Exhibit 14**.

### U.S. Patent No. 12,194,150

40.     On January 14, 2025, the PTO duly and legally issued United States Patent No. 12,194,150 ("the '150 patent") entitled "Levodopa Dosing Regimen" to inventors Richard D'Souza, Hester Visser, and Suneel Gupta. The '150 patent is owned by assignment by Amneal and per the FDA Orange Book patent data will expire on December 21, 2041. A true and correct copy of the '150 patent is attached as **Exhibit 15.**

### U.S. Patent No. 12,201,596

41.     On January 21, 2025, the United States Patent & Trademark Office ("PTO"), duly and legally issued United States Patent No. 12,201,596 ("the '596 patent") entitled "Levodopa Dosing Regimen" to inventors Richard D'Souza, Hester Visser, and Suneel Gupta. The '596 patent

is owned by assignment by Amneal and per the FDA Orange Book patent data will expire on December 21, 2041. A true and correct copy of the '596 patent is attached as **Exhibit 16.**

### U.S. Patent No. 12,303,482

42.     On May 20, 2025, the PTO duly and legally issued United States Patent No. 12,303,482 ("the '482 patent") entitled "Levodopa Dosing Regimen" to inventors Richard D'Souza, Hester Visser, and Suneel Gupta. The '482 patent is owned by assignment by Amneal and per the FDA Orange Book patent data will expire on December 21, 2041. A true and correct copy of the '482 patent is attached as **Exhibit 17.**

### U.S. Patent No. 12,370,163

43.     On July 29, 2025, the United States Patent & Trademark Office ("PTO"), duly and legally issued United States Patent No. 12,370,163 ("the '163 patent") entitled "Levodopa Dosing Regimen" to inventors Richard D'Souza, Hester Visser, and Suneel Gupta. The '163 patent is owned by assignment by Amneal and per the FDA Orange Book patent data will expire on December 21, 2041. A true and correct copy of the '163 patent is attached as **Exhibit 18.**

### U.S. Patent No. 12,447,139

44.     On October 21, 2025, the PTO duly and legally issued United States Patent No. 12,447,139 ("the '139 patent") entitled "Levodopa Dosing Regimen" to inventors Richard D'Souza, Hester Visser, and Suneel Gupta. The '139 patent is owned by assignment by Amneal and per the FDA Orange Book patent data will expire on December 21, 2041. A true and correct copy of the '139 patent is attached as **Exhibit 19.**

**U.S. Patent No. 12,453,710**

45.     On October 28, 2025, the PTO duly and legally issued United States Patent No. 12,453,710 ("the '710 patent") entitled "Levodopa Dosing Regimen" to inventors Richard D'Souza, Hester Visser, and Suneel Gupta. The '710 patent is owned by assignment by Amneal and per the FDA Orange Book patent data will expire on December 21, 2041. A true and correct copy of the '710 patent is attached as **Exhibit 20.**

**U.S. Patent No. 12,458,616**

46.     On November 4, 2025, the PTO duly and legally issued United States Patent No. 12,458,616 ("the '616 patent") entitled "Levodopa Dosing Regimen" to inventors Richard D'Souza, Hester Visser, and Suneel Gupta. The '616 patent is owned by assignment by Amneal and per the FDA Orange Book patent data will expire on December 21, 2041. A true and correct copy of the '616 patent is attached as **Exhibit 21.**

**U.S. Patent No. 12,128,141**

47.     On October 29, 2024, the PTO duly and legally issued United States Patent No. 12,128,141 ("the '141 patent") entitled "Muco-Adhesive, Controlled Release Formulation of Levodopa and/or Esters of Levodopa and Uses Thereof" to inventors Ann Hsu, Liang Dong, Amy Ding, and Suneel Gupta. The '141 patent is owned by assignment by Impax and per the FDA Orange Book patent data will expire on October 7, 2034. A true and correct copy of the '141 patent is attached as **Exhibit 22**.

**U.S. Patent No. 12,178,919**

48.     On December 31, 2024, the PTO duly and legally issued United States Patent No. 12,178,919 ("the '919 patent") entitled "Muco-Adhesive, Controlled Release Formulation of

Levodopa and/or Esters of Levodopa and Uses Thereof" to inventors Ann Hsu, Liang Dong, Amy Ding, and Suneel Gupta. The '919 patent is owned by assignment by Impax and per the FDA Orange Book patent data will expire on October 7, 2034. A true and correct copy of the '919 patent is attached as **Exhibit 23.**

### U.S. Patent No. 12,274,793

49.    On April 15, 2025, the PTO duly and legally issued United States Patent No. 12,274,793 ("the '793 patent") entitled "Muco-Adhesive, Controlled Release Formulation of Levodopa and/or Esters of Levodopa and Uses Thereof" to inventors Ann Hsu, Liang Dong, Amy Ding, and Suneel Gupta. The '793 patent is owned by assignment by Impax and per the FDA Orange Book patent data will expire on October 7, 2034. A true and correct copy of the '793 patent is attached as **Exhibit 24.**

### U.S. Patent No. 12,303,605

50.    On May 20, 2025, the PTO duly and legally issued United States Patent No. 12,303,605 ("the '605 patent") entitled "Muco-Adhesive, Controlled Release Formulation of Levodopa and/or Esters of Levodopa and Uses Thereof" to inventors Ann Hsu, Liang Dong, Amy Ding, and Suneel Gupta. The '605 patent is owned by assignment by Impax and per the FDA Orange Book patent data will expire on October 7, 2034. A true and correct copy of the '605 patent is attached as **Exhibit 25.**

### U.S. Patent No. 12,263,148

51.    On April 1, 2025, the PTO duly and legally issued United States Patent No. 12,263,148 ("the '148 patent") entitled "Levodopa Dosing Regimen" to inventors Richard D'Souza, Hester Visser, and Suneel Gupta. The '148 patent is owned by assignment by Amneal

and per the FDA Orange Book patent data will expire on December 21, 2041. A true and correct copy of the '148 patent is attached as **Exhibit 26.**

### U.S. Patent No. 12,295,931

52.    On May 13, 2025, the PTO duly and legally issued United States Patent No. 12,295,931 ("the '931 patent") entitled "Levodopa Dosing Regimen" to inventors Richard D'Souza, Hester Visser, and Suneel Gupta. The '931 patent is owned by assignment by Amneal and per the FDA Orange Book patent data will expire on December 21, 2041. A true and correct copy of the '931 patent is attached as **Exhibit 27.**

### U.S. Patent No. 12,303,481

53.    On May 20, 2025, the PTO duly and legally issued United States Patent No. 12,303,481 ("the '481 patent") entitled "Levodopa Dosing Regimen" to inventors Richard D'Souza, Hester Visser, and Suneel Gupta. The '481 patent is owned by assignment by Amneal and per the FDA Orange Book patent data will expire on December 21, 2041. A true and correct copy of the '481 patent is attached as **Exhibit 28.**

### U.S. Patent No. 12,263,149

54.    On April 1, 2025, the PTO duly and legally issued United States Patent No. 12,263,149 ("the '149 patent") entitled "Levodopa Dosing Regimen" to inventors Richard D'Souza, Hester Visser, and Suneel Gupta. The '149 patent is owned by assignment by Amneal and per the FDA Orange Book patent data will expire on December 21, 2041. A true and correct copy of the '149 patent is attached as **Exhibit 29.**

**CREXONT®**

55.     Impax is the holder of New Drug Application ("NDA") No. 217186 ("the NDA"), for carbidopa and levodopa extended-release capsules, for oral use, in 35 mg/140 mg, 52.5 mg/210 mg, 70 mg/280 mg, and 87.5 mg/350 mg dosages, which is sold under the Proprietary Name CREXONT®.

56.     Pursuant to 21 U.S.C. § 355(b)(1), and attendant FDA regulations, at least the '845, '935, '058, '769, '313, '733, '941, '538, '521, '918, '099, '164, '449, '185, '150, '596, '482, '163, '139, '710, '616, '141, '919, '793, '605, '148, '931, '481, and '149 patents are listed in the FDA "Orange Book" with respect to CREXONT®.  Plaintiffs are owners by assignment of the Patents-in-Suit.

**ACTS GIVING RISE TO THIS ACTION**

57.     Plaintiffs reallege all preceding paragraphs as if fully set forth herein.

58.     On information and belief, Defendants submitted ANDA No. 221545 (the "Alembic ANDA") to the FDA, pursuant to 21 U.S.C. § 355(j), seeking approval to engage in the commercial manufacture, use, sale, offer for sale, or importation in or into the United States of carbidopa/levodopa extended-release capsules, for oral use, in 35 mg/140 mg, 52.5 mg/210 mg, 70 mg/280 mg, and 87.5 mg/350 mg dosages (the "Alembic ANDA Products").

59.     On information and belief, following FDA approval of the Alembic ANDA, Defendants intend to make, use, sell, or offer to sell the Alembic ANDA Products throughout the United States, including in the State of Delaware, and/or import that generic product into the United States, including into the State of Delaware.

60.     On information and belief, in connection with the submission of the Alembic ANDA, Defendants provided written certification to the FDA, under 21 U.S.C.

§ 355(j)(2)(A)(vii)(IV), that claims of the '845, '935, '058, '769, '313, '733, '941, '538, '521, '918, '099, '164, '449, '185, '150, '596, '482, '163, '139, '710, '616, '141, '919, '793, '605, '148, '931, '481, and '149 patents are invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale within the U.S. or importation into the U.S., of the Alembic ANDA Products (the "Alembic Paragraph IV Certification").   The filing of the Alembic ANDA with the Alembic Paragraph IV Certification constitutes an act of infringement regarding each of the Patents-in-Suit.

61.    No earlier than May 26, 2026, Plaintiffs received written notice of the Alembic ANDA and the Alembic Paragraph IV Certification from Defendants ("Notice Letter"). The Notice Letter included a Detailed Statement of the Factual and Legal Basis for Paragraph IV Certification(s), alleging that claims of the '845, '935, '058, '769, '313, '733, '941, '538, '521, '918, '099, '164, '449, '185, '150, '596, '482, '163, '139, '710, '616, '141, '919, '793, '605, '148, '931, '481, and '149 patents are invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, offer for sale, or sale of the Alembic ANDA Products ("Detailed Statement").

62.    The Notice Letter contained an Offer of Confidential Access ("OCA") to undisclosed portions of the Alembic ANDA.  Plaintiffs sent Defendants' counsel modest edits to the proposed OCA to address some restrictions in the OCA that Plaintiffs believed were unreasonable.  Defendants did not respond to or agree to those modest edits, so no agreement was reached on the OCA.  As a result, Plaintiffs did not have access to any portion of the Alembic ANDA prior to the filing of this Complaint.

63.    By filing the Alembic ANDA, Defendants represented to the FDA that the Alembic ANDA Products have the same active ingredients as CREXONT®, have the same method of

administration, dosage forms, and strengths, and are bioequivalent to CREXONT®, and would be sold under a label substantively the same as the label for CREXONT®.

64.    This action is being commenced before the expiration of forty-five (45) days from the date Plaintiffs received the Notice Letter under 21 U.S.C. § 355(j)(5)(B)(iii) and thus triggers the thirty (30) month-stay under 21 U.S.C. § 355(j)(5)(B)(iii).

## COUNT I
## INFRINGEMENT OF THE '845 PATENT BY DEFENDANTS

65.    Plaintiffs reallege all preceding paragraphs as if fully set forth herein.

66.    By submission of the Alembic ANDA with the Alembic Paragraph IV Certification to the FDA and notice to Plaintiffs of the same, Defendants declared their intent to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Alembic ANDA Products prior to the expiration of the '845 patent and under a label substantively the same as the label for CREXONT®, in the event that the FDA approves the Alembic ANDA. Accordingly, an actual and immediate controversy exists regarding Defendants' infringement of the '845 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

67.    Defendants' submission of the Alembic ANDA with the Alembic Paragraph IV Certification to the FDA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Alembic ANDA Products before expiration of the '845 patent constituted an act of infringement of one or more claims of the '845 patent under 35 U.S.C. § 271(e)(2)(A).

68.    Defendants' commercial manufacture, use, offer for sale, sale, and/or importation of the Alembic ANDA Products prior to expiration of the '845 patent, and Defendants' inducement of and/or contribution to such conduct, would further infringe at least one claim of the '845 patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), (b), and/or (c).

69.     If approved by the FDA, use of Alembic ANDA Products by healthcare professionals and patients that is consistent with a label that is substantively the same as the label for CREXONT® will directly infringe the '845 patent, either literally or under the doctrine of equivalents.

70.     By filing the Alembic ANDA with the Alembic Paragraph IV Certification, Defendants have infringed, and by that conduct have shown an intent to, and will, infringe at least one claim of the '845 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing the Alembic ANDA Products, either literally or under the doctrine of equivalents, upon FDA approval of the Alembic ANDA, unless enjoined by this Court.

71.     On information and belief, at least by virtue of the listing of the '845 patent in the Orange Book and Defendants' identification of the '845 patent in the Notice Letter and Detailed Statement, Defendants have knowledge of the '845 patent.

72.     On information and belief, at least by virtue of their submission of the Alembic ANDA with the Alembic Paragraph IV Certification to the FDA and their identification of the '845 patent in the Notice Letter and Detailed Statement, Defendants have knowledge that use of the Alembic ANDA Products that is consistent with a label that is substantively the same as the label for CREXONT® constitutes infringement of the '845 patent.

73.     Defendants, by filing the Alembic ANDA with the Alembic Paragraph IV Certification, have infringed, and by that conduct have shown an intent to actively induce infringement of one or more claims of the '845 patent under 35 U.S.C. § 271(b). On information and belief, Defendants will do so by marketing the Alembic ANDA Products and encouraging healthcare professionals and patients to use them in a manner that constitutes direct infringement of one or more of the claims of the '845 patent, either literally or under the doctrine of equivalents.

74.    On information and belief, these direct infringing uses will occur with Defendants' specific intent and encouragement and will be uses that Defendants know or should know will occur.

75.    On information and belief, Defendants will actively induce, encourage, and aid and abet this prescription and administration, with knowledge and specific intent that these uses will be in contravention of Plaintiffs' rights under the '845 patent and will constitute infringement.

76.    On information and belief, upon FDA approval of the Alembic ANDA, Defendants will intentionally encourage direct infringement, either literally or under the doctrine of equivalents, with knowledge of the '845 patent. Defendants will do so through their promotional activities and package inserts for the Alembic ANDA Products, by encouraging healthcare professionals and patients to use the products in a manner that infringes the '845 patent.

77.    Defendants, by filing the Alembic ANDA with the Alembic Paragraph IV Certification, have infringed, and by that conduct have shown an intent to contributorily infringe one or more claims of the '845 patent under 35 U.S.C. § 271(c), unless enjoined by this Court. On information and belief, Defendants will contribute to the direct infringement by others, either literally or under the doctrine of equivalents, with knowledge that the Alembic ANDA Products constitute a material part of at least one of the claims of the '845 patent. Defendants have had and continue to have knowledge that the Alembic ANDA Products are especially made or adapted for use in infringing one or more claims of the '845 patent and are not suitable for substantial non-infringing use.

78.    Plaintiffs will be substantially and irreparably harmed if Defendants are permitted to make, use, sell, offer to sell, and/or import the Alembic ANDA Products and are not enjoined

from doing so. Plaintiffs are entitled to relief, including that provided by 35 U.S.C. §§ 271(e)(4) and/or 283, such as an order from this Court that the effective date of approval of the Alembic ANDA be a date that is not earlier than the expiration date of the '845 patent, or any later expiration of exclusivity for the '845 patent to which Plaintiffs are or become entitled, and an injunction against such infringement. Plaintiffs do not have an adequate remedy at law.

79.    Defendants have had knowledge of the '845 patent since at least the date Defendants submitted the Alembic ANDA and the Alembic Paragraph IV Certification and were aware that the submission of the Alembic ANDA and the Alembic Paragraph IV Certification constituted an act of infringement under 35 U.S.C. § 271(e)(2)(A).

80.    This is an exceptional case within the meaning of 35 U.S.C. § 285, and Plaintiffs are also entitled to declaratory judgment relief under 28 U.S.C. §§ 2201 and 2202.

<div align="center">

**COUNT II**
**INFRINGEMENT OF THE '935 PATENT BY DEFENDANTS**

</div>

81.    Plaintiffs reallege all preceding paragraphs as if fully set forth herein.

82.    By submission of the Alembic ANDA with the Alembic Paragraph IV Certification to the FDA and notice to Plaintiffs of the same, Defendants declared their intent to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Alembic ANDA Products prior to the expiration of the '935 patent and under a label substantively the same as the label for CREXONT®, in the event that the FDA approves the Alembic ANDA. Accordingly, an actual and immediate controversy exists regarding Defendants' infringement of the '935 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

83.    Defendants' submission of the Alembic ANDA with the Alembic Paragraph IV Certification to the FDA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Alembic ANDA Products before expiration of the '935

patent constituted an act of infringement of one or more claims of the '935 patent under 35 U.S.C. § 271(e)(2)(A).

84.     Defendants' commercial manufacture, use, offer for sale, sale, and/or importation of the Alembic ANDA Products prior to expiration of the '935 patent, and Defendants' inducement of and/or contribution to such conduct, would further infringe at least one claim of the '935 patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), (b), and/or (c).

85.     If approved by the FDA, use of Alembic ANDA Products by healthcare professionals and patients that is consistent with a label that is substantively the same as the label for CREXONT® will directly infringe the '935 patent, either literally or under the doctrine of equivalents.

86.     By filing the Alembic ANDA with the Alembic Paragraph IV Certification, Defendants have infringed, and by that conduct have shown an intent to, and will, infringe at least one claim of the '935 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing the Alembic ANDA Products, either literally or under the doctrine of equivalents, upon FDA approval of the Alembic ANDA, unless enjoined by this Court.

87.     On information and belief, at least by virtue of the listing of the '935 patent in the Orange Book and Defendants' identification of the '935 patent in the Notice Letter and Detailed Statement, Defendants have knowledge of the '935 patent.

88.     On information and belief, at least by virtue of their submission of the Alembic ANDA with the Alembic Paragraph IV Certification to the FDA and their identification of the '935 patent in the Notice Letter and Detailed Statement, Defendants have knowledge that use of the Alembic ANDA Products that is consistent with a label that is substantively the same as the label for CREXONT® constitutes infringement of the '935 patent.

89.     Defendants, by filing the Alembic ANDA with the Alembic Paragraph IV Certification, have infringed, and by that conduct have shown an intent to actively induce infringement of one or more claims of the '935 patent under 35 U.S.C. § 271(b). On information and belief, Defendants will do so by marketing the Alembic ANDA Products and encouraging healthcare professionals and patients to use them in a manner that constitutes direct infringement of the claims of the '935 patent, either literally or under the doctrine of equivalents.

90.     For example, on information and belief, if approved by the FDA, the Alembic ANDA Products will be sold under a label substantively the same as the label for CREXONT®, including indications for prescribing and administering the Alembic ANDA Products to human patients to, *inter alia*, treat Parkinson's disease. Uses of the Alembic ANDA Products for these indications will constitute direct infringement of one or more claims of the '935 patent, either literally or under the doctrine of equivalents.

91.     On information and belief, these direct infringing uses will occur with Defendants' specific intent and encouragement and will be uses that Defendants know or should know will occur.

92.     On information and belief, Defendants will actively induce, encourage, and aid and abet this prescription and administration, with knowledge and specific intent that these uses will be in contravention of Plaintiffs' rights under the '935 patent and will constitute infringement.

93.     On information and belief, upon FDA approval of the Alembic ANDA, Defendants will intentionally encourage direct infringement, either literally or under the doctrine of equivalents, with knowledge of the '935 patent. Defendants will do so through their promotional activities and package inserts for the Alembic ANDA Products, by encouraging healthcare professionals and patients to use the products in a manner that infringes the '935 patent.

94.     Defendants, by filing the Alembic ANDA with the Alembic Paragraph IV Certification, have infringed, and by that conduct have shown an intent to contributorily infringe one or more claims of the '935 patent under 35 U.S.C. § 271(c), unless enjoined by this Court. On information and belief, Defendants will contribute to the direct infringement by others, either literally or under the doctrine of equivalents, with knowledge that the Alembic ANDA Products constitute a material part of at least one of the claims of the '935 patent. Defendants have had and continue to have knowledge that the Alembic ANDA Products are especially made or adapted for use in infringing one or more of the claims of the '935 patent and are not suitable for substantial non-infringing use.

95.     Plaintiffs will be substantially and irreparably harmed if Defendants are permitted to make, use, sell, offer to sell, and/or import the Alembic ANDA Products and are not enjoined from doing so. Plaintiffs are entitled to relief, including that provided by 35 U.S.C. §§ 271(e)(4) and/or 283, such as an order from this Court that the effective date of approval of the Alembic ANDA be a date that is not earlier than the expiration date of the '935 patent, or any later expiration of exclusivity for the '935 patent to which Plaintiffs are or become entitled, and an injunction against such infringement. Plaintiffs do not have an adequate remedy at law.

96.     Defendants have had knowledge of the '935 patent since at least the date Defendants submitted the Alembic ANDA and the Alembic Paragraph IV Certification and were aware that the submission of the Alembic ANDA and the Alembic Paragraph IV Certification constituted an act of infringement under 35 U.S.C. § 271(e)(2)(A).

97.     This is an exceptional case within the meaning of 35 U.S.C. § 285, and Plaintiffs are also entitled to declaratory judgment relief under 28 U.S.C. §§ 2201 and 2202.

## COUNT III
## INFRINGEMENT OF THE '058 PATENT BY DEFENDANTS

98.     Plaintiffs reallege all preceding paragraphs as if fully set forth herein.

99.     By submission of the Alembic ANDA with the Alembic Paragraph IV Certification to the FDA and notice to Plaintiffs of the same, Defendants declared their intent to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Alembic ANDA Products prior to the expiration of the '058 patent and under a label substantively the same as the label for CREXONT®, in the event that the FDA approves the Alembic ANDA. Accordingly, an actual and immediate controversy exists regarding Defendants' infringement of the '058 patent under at least 35 U.S.C. §§ 271(b) and/or (c).

100.    Defendants' submission of the Alembic ANDA with the Alembic Paragraph IV Certification to the FDA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Alembic ANDA Products before expiration of the '058 patent constituted an act of infringement of one or more claims of the '058 patent under 35 U.S.C. § 271(e)(2)(A).

101.    Defendants' commercial manufacture, use, offer for sale, sale, and/or importation of the Alembic ANDA Products prior to expiration of the '058 patent, and Defendants' inducement of and/or contribution to such conduct, would further infringe at least one claim of the '058 patent, either literally or under the doctrine of equivalents, under at least 35 U.S.C. § 271(b) and/or (c).

102.    If approved by the FDA, use of Alembic ANDA Products by healthcare professionals and patients that is consistent with a label that is substantively the same as the label for CREXONT® will directly infringe the '058 patent, either literally or under the doctrine of equivalents.

103.    On information and belief, at least by virtue of the listing of the '058 patent in the Orange Book and Defendants' identification of the '058 patent in the Notice Letter and Detailed Statement, Defendants have knowledge of the '058 patent.

104.    On information and belief, at least by virtue of their submission of the Alembic ANDA with the Alembic Paragraph IV Certification to the FDA and their identification of the '058 patent in the Notice Letter and Detailed Statement, Defendants have knowledge that use of the Alembic ANDA Products that is consistent with a label that is substantively the same as the label for CREXONT® constitutes infringement of the '058 patent.

105.    Defendants, by filing the Alembic ANDA with the Alembic Paragraph IV Certification, have infringed, and by that conduct have shown an intent to actively induce infringement of one or more claims of the '058 patent under 35 U.S.C. § 271(b). On information and belief, Defendants will do so by taking active steps to encourage healthcare professionals and patients to use the Alembic Products in a manner that constitutes direct infringement of one or more of the claims of the '058 patent, either literally or under the doctrine of equivalents.

106.    For example, on information and belief, if approved by the FDA, the Alembic ANDA Products will be sold under a label substantively the same as the label for CREXONT®, including indications for prescribing and administering the Alembic ANDA Products to human patients to, *inter alia*, treat Parkinson's disease. Uses of the Alembic ANDA Products for these indications will constitute direct infringement of one or more claims of the '058 patent, either literally or under the doctrine of equivalents.

107.    On information and belief, these direct infringing uses will occur with Defendants' specific intent and encouragement and will be uses that Defendants know or should know will occur.

108.    On information and belief, Defendants will actively induce, encourage, and aid and abet this prescription and administration, with knowledge and specific intent that these uses will be in contravention of Plaintiffs' rights under the '058 patent and will constitute infringement.

109.    On information and belief, upon FDA approval of the Alembic ANDA, Defendants will intentionally encourage direct infringement, either literally or under the doctrine of equivalents, with knowledge of the '058 patent. Defendants will do so through their promotional activities and package inserts for the Alembic ANDA Products, by encouraging healthcare professionals and patients to use the products in a manner that infringes the '058 patent.

110.    Defendants, by filing the Alembic ANDA with the Alembic Paragraph IV Certification, have infringed, and by that conduct have shown an intent to contributorily infringe one or more claims of the '058 patent under 35 U.S.C. § 271(c), unless enjoined by this Court. On information and belief, Defendants will contribute to the direct infringement by others, either literally or under the doctrine of equivalents, with knowledge that the Alembic ANDA Products constitute a material part of at least one of the claims of the '058 patent. Defendants have had and continue to have knowledge that the Alembic ANDA Products are especially made or adapted for use in infringing one or more of the claims of the '058 patent and are not suitable for substantial non-infringing use.

111.    Plaintiffs will be substantially and irreparably harmed if Defendants are permitted to make, use, sell, offer to sell, and/or import the Alembic ANDA Products and are not enjoined from doing so. Plaintiffs are entitled to relief, including that provided by 35 U.S.C. §§ 271(e)(4) and/or 283, such as an order from this Court that the effective date of approval of the Alembic ANDA be a date that is not earlier than the expiration date of the '058 patent, or any later expiration

of exclusivity for the '058 patent to which Plaintiffs are or become entitled, and an injunction against such infringement. Plaintiffs do not have an adequate remedy at law.

112. Defendants have had knowledge of the '058 patent since at least the date Defendants submitted the Alembic ANDA and the Alembic Paragraph IV Certification and were aware that the submission of the Alembic ANDA and the Alembic Paragraph IV Certification constituted an act of infringement under 35 U.S.C. § 271(e)(2)(A).

113. This is an exceptional case within the meaning of 35 U.S.C. § 285, and Plaintiffs are also entitled to declaratory judgment relief under 28 U.S.C. §§ 2201 and 2202.

<div align="center">

**COUNT IV**
**INFRINGEMENT OF THE '769 PATENT BY DEFENDANTS**

</div>

114. Plaintiffs reallege all preceding paragraphs as if fully set forth herein.

115. By submission of the Alembic ANDA with the Alembic Paragraph IV Certification to the FDA and notice to Plaintiffs of the same, Defendants declared their intent to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Alembic ANDA Products prior to the expiration of the '769 patent and under a label substantively the same as the label for CREXONT®, in the event that the FDA approves the Alembic ANDA. Accordingly, an actual and immediate controversy exists regarding Defendants' infringement of the '769 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

116. Defendants' submission of the Alembic ANDA with the Alembic Paragraph IV Certification to the FDA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Alembic ANDA Products before expiration of the '769 patent constituted an act of infringement of one or more claims of the '769 patent under 35 U.S.C. § 271(e)(2)(A).

117. Defendants' commercial manufacture, use, offer for sale, sale, and/or importation of the Alembic ANDA Products prior to expiration of the '769 patent, and Defendants' inducement of and/or contribution to such conduct, would further infringe at least one claim of the '769 patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), (b), and/or (c).

118. If approved by the FDA, use of Alembic ANDA Products by healthcare professionals and patients that is consistent with a label that is substantively the same as the label for CREXONT® will directly infringe the '769 patent, either literally or under the doctrine of equivalents.

119. By filing the Alembic ANDA with the Alembic Paragraph IV Certification, Defendants have infringed, and by that conduct have shown an intent to, and will, infringe at least one claim of the '769 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing the Alembic ANDA Products, either literally or under the doctrine of equivalents, upon FDA approval of the Alembic ANDA, unless enjoined by this Court.

120. On information and belief, at least by virtue of the listing of the '769 patent in the Orange Book and Defendants' identification of the '769 patent in the Notice Letter and Detailed Statement, Defendants have knowledge of the '769 patent.

121. On information and belief, at least by virtue of their submission of the Alembic ANDA with the Alembic Paragraph IV Certification to the FDA and their identification of the '769 patent in the Notice Letter and Detailed Statement, Defendants have knowledge that use of the Alembic ANDA Products that is consistent with a label that is substantively the same as the label for CREXONT® constitutes infringement of the '769 patent.

122. Defendants, by filing the Alembic ANDA with the Alembic Paragraph IV Certification, have infringed, and by that conduct have shown an intent to actively induce

infringement of one or more claims of the '769 patent under 35 U.S.C. § 271(b). On information and belief, Defendants will do so by marketing the Alembic ANDA Products and encouraging healthcare professionals and patients to use them in a manner that constitutes direct infringement of one or more of the claims of the '769 patent, either literally or under the doctrine of equivalents.

123.    For example, on information and belief, if approved by the FDA, the Alembic ANDA Products will be sold under a label substantively the same as the label for CREXONT®, including indications for prescribing and administering the Alembic ANDA Products to human patients to, *inter alia*, treat Parkinson's disease. Uses of the Alembic ANDA Products for these indications will constitute direct infringement of one or more claims of the '769 patent, either literally or under the doctrine of equivalents.

124.    On information and belief, these direct infringing uses will occur with Defendants' specific intent and encouragement and will be uses that Defendants know or should know will occur.

125.    On information and belief, Defendants will actively induce, encourage, and aid and abet this prescription and administration, with knowledge and specific intent that these uses will be in contravention of Plaintiffs' rights under the '769 patent and will constitute infringement.

126.    On information and belief, upon FDA approval of the Alembic ANDA, Defendants will intentionally encourage direct infringement, either literally or under the doctrine of equivalents, with knowledge of the '769 patent. Defendants will do so through their promotional activities and package inserts for the Alembic ANDA Products, by encouraging healthcare professionals and patients to use the products in a manner that infringes the '769 patent.

127.    Defendants, by filing the Alembic ANDA with the Alembic Paragraph IV Certification, have infringed, and by that conduct have shown an intent to contributorily infringe

one or more claims of the '769 patent under 35 U.S.C. § 271(c), unless enjoined by this Court. On information and belief, Defendants will contribute to the direct infringement by others, either literally or under the doctrine of equivalents, with knowledge that the Alembic ANDA Products constitute a material part of at least one of the claims of the '769 patent. Defendants have had and continue to have knowledge that the Alembic ANDA Products are especially made or adapted for use in infringing one or more of the claims of the '769 patent and are not suitable for substantial non-infringing use.

128.    Plaintiffs will be substantially and irreparably harmed if Defendants are permitted to make, use, sell, offer to sell, and/or import the Alembic ANDA Products and are not enjoined from doing so. Plaintiffs are entitled to relief, including that provided by 35 U.S.C. §§ 271(e)(4) and/or 283, such as an order from this Court that the effective date of approval of the Alembic ANDA be a date that is not earlier than the expiration date of the '769 patent, or any later expiration of exclusivity for the '769 patent to which Plaintiffs are or become entitled, and an injunction against such infringement. Plaintiffs do not have an adequate remedy at law.

129.    Defendants have had knowledge of the '769 patent since at least the date Alembic Ltd. submitted the Alembic ANDA and the Alembic Paragraph IV Certification and were aware that the submission of the Alembic ANDA and the Alembic Paragraph IV Certification constituted an act of infringement under 35 U.S.C. § 271(e)(2)(A).

130.    This is an exceptional case within the meaning of 35 U.S.C. § 285, and Plaintiffs are also entitled to declaratory judgment relief under 28 U.S.C. §§ 2201 and 2202.

<div align="center">

**COUNT V**
**INFRINGEMENT OF THE '313 PATENT BY DEFENDANTS**

</div>

131.    Plaintiffs reallege all preceding paragraphs as if fully set forth herein.

132.    By submission of the Alembic ANDA with the Alembic Paragraph IV Certification to the FDA and notice to Plaintiffs of the same, Defendants declared their intent to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Alembic ANDA Products prior to the expiration of the '313 patent and under a label substantively the same as the label for CREXONT®, in the event that the FDA approves the Alembic ANDA. Accordingly, an actual and immediate controversy exists regarding Defendants' infringement of the '313 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

133.    Defendants' submission of the Alembic ANDA with the Alembic Paragraph IV Certification to the FDA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Alembic ANDA Products before expiration of the '313 patent constituted an act of infringement of one or more claims of the '313 patent under 35 U.S.C. § 271(e)(2)(A).

134.    Defendants' commercial manufacture, use, offer for sale, sale, and/or importation of the Alembic ANDA Products prior to expiration of the '313 patent, and Defendants' inducement of and/or contribution to such conduct, would further infringe at least one claim of the '313 patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), (b), and/or (c).

135.    If approved by the FDA, use of Alembic ANDA Products by healthcare professionals and patients that is consistent with a label that is substantively the same as the label for CREXONT® will directly infringe the '313 patent, either literally or under the doctrine of equivalents.

136.    By filing the Alembic ANDA with the Alembic Paragraph IV Certification, Defendants have infringed, and by that conduct have shown an intent to, and will, infringe at least one claim of the '313 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling,

and/or importing the Alembic ANDA Products, either literally or under the doctrine of equivalents, upon FDA approval of the Alembic ANDA, unless enjoined by this Court.

137. On information and belief, at least by virtue of the listing of the '313 patent in the Orange Book and Defendants' identification of the '313 patent in the Notice Letter and Detailed Statement, Defendants have knowledge of the '313 patent.

138. On information and belief, at least by virtue of their submission of the Alembic ANDA with the Alembic Paragraph IV Certification to the FDA and their identification of the '313 patent in the Notice Letter and Detailed Statement, Defendants have knowledge that use of the Alembic ANDA Products that is consistent with a label that is substantively the same as the label for CREXONT® constitutes infringement of the '313 patent.

139. Defendants, by filing the Alembic ANDA with the Alembic Paragraph IV Certification, have infringed, and by that conduct have shown an intent to actively induce infringement of one or more claims of the '313 patent under 35 U.S.C. § 271(b). On information and belief, Defendants will do so by marketing the Alembic ANDA Products and encouraging healthcare professionals and patients to use them in a manner that constitutes direct infringement of one or more of the claims of the '313 patent, either literally or under the doctrine of equivalents.

140. For example, on information and belief, if approved by the FDA, the Alembic ANDA Products will be sold under a label substantively the same as the label for CREXONT®, including indications for prescribing and administering the Alembic ANDA Products to human patients to, *inter alia*, treat Parkinson's disease. Uses of the Alembic ANDA Products for these indications will constitute direct infringement of one or more claims of the '313 patent, either literally or under the doctrine of equivalents.

141. On information and belief, these direct infringing uses will occur with Defendants' specific intent and encouragement and will be uses that Defendants know or should know will occur.

142. On information and belief, Defendants will actively induce, encourage, and aid and abet this prescription and administration, with knowledge and specific intent that these uses will be in contravention of Plaintiffs' rights under the '313 patent and will constitute infringement.

143. On information and belief, upon FDA approval of the Alembic ANDA, Defendants will intentionally encourage direct infringement, either literally or under the doctrine of equivalents, with knowledge of the '313 patent. Defendants will do so through their promotional activities and package inserts for the Alembic ANDA Products, by encouraging healthcare professionals and patients to use the products in a manner that infringes the '313 patent claims.

144. Defendants, by filing the Alembic ANDA with the Alembic Paragraph IV Certification, have infringed, and by that conduct have shown an intent to contributorily infringe one or more claims of the '313 patent under 35 U.S.C. § 271(c), unless enjoined by this Court. On information and belief, Defendants will contribute to the direct infringement by others, either literally or under the doctrine of equivalents, with knowledge that the Alembic ANDA Products constitute a material part of at least one of the claims of the '313 patent. Defendants have had and continue to have knowledge that the Alembic ANDA Products are especially made or adapted for use in infringing one or more of the claims of the '313 patent and are not suitable for substantial non-infringing use.

145. Plaintiffs will be substantially and irreparably harmed if Defendants are permitted to make, use, sell, offer to sell, and/or import the Alembic ANDA Products and is not enjoined from doing so. Plaintiffs are entitled to relief, including that provided by 35 U.S.C. §§ 271(e)(4)

and/or 283, such as an order from this Court that the effective date of approval of the Alembic ANDA be a date that is not earlier than the expiration date of the '313 patent, or any later expiration of exclusivity for the '313 patent to which Plaintiffs are or become entitled, and an injunction against such infringement. Plaintiffs do not have an adequate remedy at law.

146.    Defendants have had knowledge of the '313 patent since at least the date it submitted the Alembic ANDA and the Alembic Paragraph IV Certification and was aware that the submission of the Alembic ANDA and the Alembic Paragraph IV Certification constituted an act of infringement under 35 U.S.C. § 271(e)(2)(A).

147.    This is an exceptional case within the meaning of 35 U.S.C. § 285, and Plaintiffs are also entitled to declaratory judgment relief under 28 U.S.C. §§ 2201 and 2202.

<div align="center">

**COUNT VI**
**INFRINGEMENT OF THE '733 PATENT BY DEFENDANTS**

</div>

148.    Plaintiffs reallege all preceding paragraphs as if fully set forth herein.

149.    By submission of the Alembic ANDA with the Alembic Paragraph IV Certification to the FDA and notice to Plaintiffs of the same, Defendants declared their intent to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Alembic ANDA Products prior to the expiration of the '733 patent and under a label substantively the same as the label for CREXONT®, in the event that the FDA approves the Alembic ANDA. Accordingly, an actual and immediate controversy exists regarding Defendants' infringement of the '733 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

150.    Defendants' submission of the Alembic ANDA with the Alembic Paragraph IV Certification to the FDA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Alembic ANDA Products before expiration of the '733

patent constituted an act of infringement of one or more claims of the '733 patent under 35 U.S.C. § 271(e)(2)(A).

151.    Defendants' commercial manufacture, use, offer for sale, sale, and/or importation of the Alembic ANDA Products prior to expiration of the '733 patent, and Defendants' inducement of and/or contribution to such conduct, would further infringe at least one claim of the '733 patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), (b), and/or (c).

152.    If approved by the FDA, use of Alembic ANDA Products by healthcare professionals and patients that is consistent with a label that is substantively the same as the label for CREXONT® will directly infringe the '733 patent, either literally or under the doctrine of equivalents.

153.    By filing the Alembic ANDA with the Alembic Paragraph IV Certification, Defendants have infringed, and by that conduct have shown an intent to, and will, infringe at least one claim of the '733 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing the Alembic ANDA Products, either literally or under the doctrine of equivalents, upon FDA approval of the Alembic ANDA, unless enjoined by this Court.

154.    On information and belief, at least by virtue of the listing of the '733 patent in the Orange Book and Defendants' identification of the '733 patent in the Notice Letter and Detailed Statement, Defendants have knowledge of the '733 patent.

155.    On information and belief, at least by virtue of their submission of the Alembic ANDA with the Alembic Paragraph IV Certification to the FDA and their identification of the '733 patent in the Notice Letter and Detailed Statement, Defendants have knowledge that use of the Alembic ANDA Products that is consistent with a label that is substantively the same as the label for CREXONT® constitutes infringement of the '733 patent.

156.    Defendants, by filing the Alembic ANDA with the Alembic Paragraph IV Certification, have infringed, and by that conduct have shown an intent to actively induce infringement of one or more claims of the '733 patent under 35 U.S.C. § 271(b). On information and belief, Defendants will do so by marketing the Alembic ANDA Products and encouraging healthcare professionals and patients to use them in a manner that constitutes direct infringement of one or more of the claims of the '733 patent, either literally or under the doctrine of equivalents.

157.    On information and belief, these direct infringing uses will occur with Defendants' specific intent and encouragement and will be uses that Defendants know or should know will occur.

158.    On information and belief, Defendants will actively induce, encourage, and aid and abet this prescription and administration, with knowledge and specific intent that these uses will be in contravention of Plaintiffs' rights under the '733 patent and will constitute infringement.

159.    On information and belief, upon FDA approval of the Alembic ANDA, Defendants will intentionally encourage direct infringement, either literally or under the doctrine of equivalents, with knowledge of the '733 patent. Defendants will do so through their promotional activities and package inserts for the Alembic ANDA Products, by encouraging healthcare professionals and patients to use the products in a manner that infringes the '733 patent.

160.    Defendants, by filing the Alembic ANDA with the Alembic Paragraph IV Certification, have infringed, and by that conduct have shown an intent to contributorily infringe one or more claims of the '733 patent under 35 U.S.C. § 271(c), unless enjoined by this Court. On information and belief, Defendants will contribute to the direct infringement by others, either literally or under the doctrine of equivalents, with knowledge that the Alembic ANDA Products constitute a material part of at least one of the claims of the '733 patent. Defendants have had and

continue to have knowledge that the Alembic ANDA Products are especially made or adapted for use in infringing one or more of the claims of the '733 patent and are not suitable for substantial non-infringing use.

161.    Plaintiffs will be substantially and irreparably harmed if Defendants are permitted to make, use, sell, offer to sell, and/or import the Alembic ANDA Products and are not enjoined from doing so. Plaintiffs are entitled to relief, including that provided by 35 U.S.C. §§ 271(e)(4) and/or 283, such as an order from this Court that the effective date of approval of the Alembic ANDA be a date that is not earlier than the expiration date of the '733 patent, or any later expiration of exclusivity for the '733 patent to which Plaintiffs are or become entitled, and an injunction against such infringement. Plaintiffs do not have an adequate remedy at law.

162.    Defendants have had knowledge of the '733 patent since at least the date Defendants submitted the Alembic ANDA and the Alembic Paragraph IV Certification and were aware that the submission of the Alembic ANDA and the Alembic Paragraph IV Certification constituted an act of infringement under 35 U.S.C. § 271(e)(2)(A).

163.    This is an exceptional case within the meaning of 35 U.S.C. § 285, and Plaintiffs are also entitled to declaratory judgment relief under 28 U.S.C. §§ 2201 and 2202.

<div align="center">

**COUNT VII**
**INFRINGEMENT OF THE '941 PATENT BY DEFENDANTS**

</div>

164.    Plaintiffs reallege all preceding paragraphs as if fully set forth herein.

165.    By submission of the Alembic ANDA with the Alembic Paragraph IV Certification to the FDA and notice to Plaintiffs of the same, Defendants declared their intent to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Alembic ANDA Products prior to the expiration of the '941 patent and under a label substantively the same as the label for CREXONT®, in the event that the FDA approves the Alembic ANDA. Accordingly, an

actual and immediate controversy exists regarding Defendants' infringement of the '941 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

166. Defendants' submission of the Alembic ANDA with the Alembic Paragraph IV Certification to the FDA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Alembic ANDA Products before expiration of the '941 patent constituted an act of infringement of one or more claims of the '941 patent under 35 U.S.C. § 271(e)(2)(A).

167. Defendants' commercial manufacture, use, offer for sale, sale, and/or importation of the Alembic ANDA Products prior to expiration of the '941 patent, and Defendants' inducement of and/or contribution to such conduct, would further infringe at least one claim of the '941 patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), (b), and/or (c).

168. If approved by the FDA, use of Alembic ANDA Products by healthcare professionals and patients that is consistent with a label that is substantively the same as the label for CREXONT® will directly infringe the '941 patent, either literally or under the doctrine of equivalents.

169. By filing the Alembic ANDA with the Alembic Paragraph IV Certification, Defendants have infringed, and by that conduct have shown an intent to, and will, infringe at least one claim of the '941 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing the Alembic ANDA Products, either literally or under the doctrine of equivalents, upon FDA approval of the Alembic ANDA, unless enjoined by this Court.

170. On information and belief, at least by virtue of the listing of the '941 patent in the Orange Book and Defendants' identification of the '941 patent in the Notice Letter and Detailed Statement, Defendants have knowledge of the '941 patent.

171. On information and belief, at least by virtue of their submission of the Alembic ANDA with the Alembic Paragraph IV Certification to the FDA and their identification of the '941 patent in the Notice Letter and Detailed Statement, Defendants have knowledge that use of the Alembic ANDA Products that is consistent with a label that is substantively the same as the label for CREXONT® constitutes infringement of the '941 patent.

172. Defendants, by filing the Alembic ANDA with the Alembic Paragraph IV Certification, have infringed, and by that conduct have shown an intent to actively induce infringement of one or more claims of the '941 patent under 35 U.S.C. § 271(b). On information and belief, Defendants will do so by marketing the Alembic ANDA Products and encouraging healthcare professionals and patients to use them in a manner that constitutes direct infringement of one or more of the claims of the '941 patent, either literally or under the doctrine of equivalents.

173. On information and belief, these direct infringing uses will occur with Defendants' specific intent and encouragement and will be uses that Defendants know or should know will occur.

174. On information and belief, Defendants will actively induce, encourage, and aid and abet this prescription and administration, with knowledge and specific intent that these uses will be in contravention of Plaintiffs' rights under the '941 patent and will constitute infringement.

175. On information and belief, upon FDA approval of the Alembic ANDA, Defendants will intentionally encourage direct infringement, either literally or under the doctrine of equivalents, with knowledge of the '941 patent. Defendants will do so through their promotional activities and package inserts for the Alembic ANDA Products, by encouraging healthcare professionals and patients to use the products in a manner that infringes the '941 patent.

176.    Defendants, by filing the Alembic ANDA with the Alembic Paragraph IV Certification, have infringed, and by that conduct have shown an intent to contributorily infringe one or more claims of the '941 patent under 35 U.S.C. § 271(c), unless enjoined by this Court. On information and belief, Defendants will contribute to the direct infringement by others, either literally or under the doctrine of equivalents, with knowledge that the Alembic ANDA Products constitute a material part of at least one of the claims of the '941 patent. Defendants have had and continue to have knowledge that the Alembic ANDA Products are especially made or adapted for use in infringing one or more of the claims of the '941 patent and are not suitable for substantial non-infringing use.

177.    Plaintiffs will be substantially and irreparably harmed if Defendants are permitted to make, use, sell, offer to sell, and/or import the Alembic ANDA Products and are not enjoined from doing so. Plaintiffs are entitled to relief, including that provided by 35 U.S.C. §§ 271(e)(4) and/or 283, such as an order from this Court that the effective date of approval of the Alembic ANDA be a date that is not earlier than the expiration date of the '941 patent, or any later expiration of exclusivity for the '941 patent to which Plaintiffs are or become entitled, and an injunction against such infringement. Plaintiffs do not have an adequate remedy at law.

178.    Defendants have had knowledge of the '941 patent since at least the date Defendants submitted the Alembic ANDA and the Alembic Paragraph IV Certification and were aware that the submission of the Alembic ANDA and the Alembic Paragraph IV Certification constituted an act of infringement under 35 U.S.C. § 271(e)(2)(A).

179.    This is an exceptional case within the meaning of 35 U.S.C. § 285, and Plaintiffs are also entitled to declaratory judgment relief under 28 U.S.C. §§ 2201 and 2202.

## COUNT VIII
## INFRINGEMENT OF THE '538 PATENT BY DEFENDANTS

180. Plaintiffs reallege all preceding paragraphs as if fully set forth herein.

181. By submission of the Alembic ANDA with the Alembic Paragraph IV Certification to the FDA and notice to Plaintiffs of the same, Defendants declared their intent to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Alembic ANDA Products prior to the expiration of the '538 patent and under a label substantively the same as the label for CREXONT®, in the event that the FDA approves the Alembic ANDA. Accordingly, an actual and immediate controversy exists regarding Defendants' infringement of the '538 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

182. Defendants' submission of the Alembic ANDA with the Alembic Paragraph IV Certification to the FDA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Alembic ANDA Products before expiration of the '538 patent constituted an act of infringement of one or more claims of the '538 patent under 35 U.S.C. § 271(e)(2)(A).

183. Defendants' commercial manufacture, use, offer for sale, sale, and/or importation of the Alembic ANDA Products prior to expiration of the '538 patent, and Defendants' inducement of and/or contribution to such conduct, would further infringe at least one claim of the '538 patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), (b), and/or (c).

184. If approved by the FDA, use of Alembic ANDA Products by healthcare professionals and patients that is consistent with a label that is substantively the same as the label for CREXONT® will directly infringe the '538 patent, either literally or under the doctrine of equivalents.

185.    By filing the Alembic ANDA with the Alembic Paragraph IV Certification, Defendants have infringed, and by that conduct have shown an intent to, and will, infringe at least one claim of the '538 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing the Alembic ANDA Products, either literally or under the doctrine of equivalents, upon FDA approval of the Alembic ANDA, unless enjoined by this Court.

186.    On information and belief, at least by virtue of the listing of the '538 patent in the Orange Book and Defendants' identification of the '538 patent in the Notice Letter and Detailed Statement, Defendants have knowledge of the '538 patent.

187.    On information and belief, at least by virtue of their submission of the Alembic ANDA with the Alembic Paragraph IV Certification to the FDA and their identification of the '538 patent in the Notice Letter and Detailed Statement, Defendants have knowledge that use of the Alembic ANDA Products that is consistent with a label that is substantively the same as the label for CREXONT® constitutes infringement of the '538 patent.

188.    Defendants, by filing the Alembic ANDA with the Alembic Paragraph IV Certification, have infringed, and by that conduct have shown an intent to actively induce infringement of one or more claims of the '538 patent under 35 U.S.C. § 271(b). On information and belief, Defendants will do so by marketing the Alembic ANDA Products and encouraging healthcare professionals and patients to use them in a manner that constitutes direct infringement of one or more of the claims of the '538 patent, either literally or under the doctrine of equivalents.

189.    On information and belief, these direct infringing uses will occur with Defendants' specific intent and encouragement and will be uses that Defendants know or should know will occur.

190.    On information and belief, Defendants will actively induce, encourage, and aid and abet this prescription and administration, with knowledge and specific intent that these uses will be in contravention of Plaintiffs' rights under the '538 patent and will constitute infringement.

191.    On information and belief, upon FDA approval of the Alembic ANDA, Defendants will intentionally encourage direct infringement, either literally or under the doctrine of equivalents, with knowledge of the '538 patent. Defendants will do so through their promotional activities and package inserts for the Alembic ANDA Products, by encouraging healthcare professionals and patients to use the products in a manner that infringes the '538 patent.

192.    Defendants, by filing the Alembic ANDA with the Alembic Paragraph IV Certification, have infringed, and by that conduct have shown an intent to contributorily infringe one or more claims of the '538 patent under 35 U.S.C. § 271(c), unless enjoined by this Court. On information and belief, Defendants will contribute to the direct infringement by others, either literally or under the doctrine of equivalents, with knowledge that the Alembic ANDA Products constitute a material part of at least one of the claims of the '538 patent. Defendants have had and continue to have knowledge that the Alembic ANDA Products are especially made or adapted for use in infringing one or more of the claims of the '538 patent and are not suitable for substantial non-infringing use.

193.    Plaintiffs will be substantially and irreparably harmed if Defendants are permitted to make, use, sell, offer to sell, and/or import the Alembic ANDA Products and are not enjoined from doing so. Plaintiffs are entitled to relief, including that provided by 35 U.S.C. §§ 271(e)(4) and/or 283, such as an order from this Court that the effective date of approval of the Alembic ANDA be a date that is not earlier than the expiration date of the '538 patent, or any later expiration

of exclusivity for the '538 patent to which Plaintiffs are or become entitled, and an injunction against such infringement. Plaintiffs do not have an adequate remedy at law.

194.    Defendants have had knowledge of the '538 patent since at least the date Defendants submitted the Alembic ANDA and the Alembic Paragraph IV Certification and were aware that the submission of the Alembic ANDA and the Alembic Paragraph IV Certification constituted an act of infringement under 35 U.S.C. § 271(e)(2)(A).

195.    This is an exceptional case within the meaning of 35 U.S.C. § 285, and Plaintiffs are also entitled to declaratory judgment relief under 28 U.S.C. §§ 2201 and 2202.

## COUNT IX
## INFRINGEMENT OF THE '521 PATENT BY DEFENDANTS

196.    Plaintiffs reallege all preceding paragraphs as if fully set forth herein.

197.    By submission of the Alembic ANDA with the Alembic Paragraph IV Certification to the FDA and notice to Plaintiffs of the same, Defendants declared their intent to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Alembic ANDA Products prior to the expiration of the '521 patent and under a label substantively the same as the label for CREXONT®, in the event that the FDA approves the Alembic ANDA. Accordingly, an actual and immediate controversy exists regarding Defendants' infringement of the '521 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

198.    Defendants' submission of the Alembic ANDA with the Alembic Paragraph IV Certification to the FDA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Alembic ANDA Products before expiration of the '521 patent constituted an act of infringement of one or more claims of the '521 patent under 35 U.S.C. § 271(e)(2)(A).

199. Defendants' commercial manufacture, use, offer for sale, sale, and/or importation of the Alembic ANDA Products prior to expiration of the '521 patent, and Defendants' inducement of and/or contribution to such conduct, would further infringe at least one claim of the '521 patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), (b), and/or (c).

200. If approved by the FDA, use of Alembic ANDA Products by healthcare professionals and patients that is consistent with a label that is substantively the same as the label for CREXONT® will directly infringe the '521 patent, either literally or under the doctrine of equivalents.

201. By filing the Alembic ANDA with the Alembic Paragraph IV Certification, Defendants have infringed, and by that conduct have shown an intent to, and will, infringe at least one claim of the '521 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing the Alembic ANDA Products, either literally or under the doctrine of equivalents, upon FDA approval of the Alembic ANDA, unless enjoined by this Court.

202. On information and belief, at least by virtue of the listing of the '521 patent in the Orange Book and Defendants' identification of the '521 patent in the Notice Letter and Detailed Statement, Defendants have knowledge of the '521 patent.

203. On information and belief, at least by virtue of their submission of the Alembic ANDA with the Alembic Paragraph IV Certification to the FDA and their identification of the '521 patent in the Notice Letter and Detailed Statement, Defendants have knowledge that use of the Alembic ANDA Products that is consistent with a label that is substantively the same as the label for CREXONT® constitutes infringement of the '521 patent.

204. Defendants, by filing the Alembic ANDA with the Alembic Paragraph IV Certification, have infringed, and by that conduct have shown an intent to actively induce

infringement of one or more claims of the '521 patent under 35 U.S.C. § 271(b). On information and belief, Defendants will do so by marketing the Alembic ANDA Products and encouraging healthcare professionals and patients to use them in a manner that constitutes direct infringement of one or more of the claims of the '521 patent, either literally or under the doctrine of equivalents.

205.    On information and belief, these direct infringing uses will occur with Defendants' specific intent and encouragement and will be uses that Defendants know or should know will occur.

206.    On information and belief, Defendants will actively induce, encourage, and aid and abet this prescription and administration, with knowledge and specific intent that these uses will be in contravention of Plaintiffs' rights under the '521 patent and will constitute infringement.

207.    On information and belief, upon FDA approval of the Alembic ANDA, Defendants will intentionally encourage direct infringement, either literally or under the doctrine of equivalents, with knowledge of the '521 patent. Defendants will do so through their promotional activities and package inserts for the Alembic ANDA Products, by encouraging healthcare professionals and patients to use the products in a manner that infringes the '521 patent.

208.    Defendants, by filing the Alembic ANDA with the Alembic Paragraph IV Certification, have infringed, and by that conduct have shown an intent to contributorily infringe one or more claims of the '521 patent under 35 U.S.C. § 271(c), unless enjoined by this Court. On information and belief, Defendants will contribute to the direct infringement by others, either literally or under the doctrine of equivalents, with knowledge that the Alembic ANDA Products constitute a material part of at least one of the claims of the '521 patent. Defendants have had and continue to have knowledge that the Alembic ANDA Products are especially made or adapted for

use in infringing one or more of the claims of the '521 patent and are not suitable for substantial non-infringing use.

209.    Plaintiffs will be substantially and irreparably harmed if Defendants are permitted to make, use, sell, offer to sell, and/or import the Alembic ANDA Products and are not enjoined from doing so. Plaintiffs are entitled to relief, including that provided by 35 U.S.C. §§ 271(e)(4) and/or 283, such as an order from this Court that the effective date of approval of the Alembic ANDA be a date that is not earlier than the expiration date of the '521 patent, or any later expiration of exclusivity for the '521 patent to which Plaintiffs are or become entitled, and an injunction against such infringement. Plaintiffs do not have an adequate remedy at law.

210.    Defendants have had knowledge of the '521 patent since at least the date Defendants submitted the Alembic ANDA and the Alembic Paragraph IV Certification and were aware that the submission of the Alembic ANDA and the Alembic Paragraph IV Certification constituted an act of infringement under 35 U.S.C. § 271(e)(2)(A).

211.    This is an exceptional case within the meaning of 35 U.S.C. § 285, and Plaintiffs are also entitled to declaratory judgment relief under 28 U.S.C. §§ 2201 and 2202.

<div align="center">

**COUNT X**
**INFRINGEMENT OF THE '918 PATENT BY DEFENDANTS**

</div>

212.    Plaintiffs reallege all preceding paragraphs as if fully set forth herein.

213.    By submission of the Alembic ANDA with the Alembic Paragraph IV Certification to the FDA and notice to Plaintiffs of the same, Defendants declared their intent to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Alembic ANDA Products prior to the expiration of the '918 patent and under a label substantively the same as the label for CREXONT®, in the event that the FDA approves the Alembic ANDA. Accordingly, an

actual and immediate controversy exists regarding Defendants' infringement of the '918 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

214.    Defendants' submission of the Alembic ANDA with the Alembic Paragraph IV Certification to the FDA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Alembic ANDA Products before expiration of the '918 patent constituted an act of infringement of one or more claims of the '918 patent under 35 U.S.C. § 271(e)(2)(A).

215.    Defendants' commercial manufacture, use, offer for sale, sale, and/or importation of the Alembic ANDA Products prior to expiration of the '918 patent, and Defendants' inducement of and/or contribution to such conduct, would further infringe at least one claim of the '918 patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), (b), and/or (c).

216.    If approved by the FDA, use of Alembic ANDA Products by healthcare professionals and patients that is consistent with a label that is substantively the same as the label for CREXONT® will directly infringe the '918 patent, either literally or under the doctrine of equivalents.

217.    By filing the Alembic ANDA with the Alembic Paragraph IV Certification, Defendants have infringed, and by that conduct have shown an intent to, and will, infringe at least one claim of the '918 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing the Alembic ANDA Products, either literally or under the doctrine of equivalents, upon FDA approval of the Alembic ANDA, unless enjoined by this Court.

218.    On information and belief, at least by virtue of the listing of the '918 patent in the Orange Book and Defendants' identification of the '918 patent in the Notice Letter and Detailed Statement, Defendants have knowledge of the '918 patent.

219.    On information and belief, at least by virtue of their submission of the Alembic ANDA with the Alembic Paragraph IV Certification to the FDA and their identification of the '918 patent in the Notice Letter and Detailed Statement, Defendants have knowledge that use of the Alembic ANDA Products that is consistent with a label that is substantively the same as the label for CREXONT® constitutes infringement of the '918 patent.

220.    Defendants, by filing the Alembic ANDA with the Alembic Paragraph IV Certification, have infringed, and by that conduct have shown an intent to actively induce infringement of one or more claims of the '918 patent under 35 U.S.C. § 271(b). On information and belief, Defendants will do so by marketing the Alembic ANDA Products and encouraging healthcare professionals and patients to use them in a manner that constitutes direct infringement of one or more of the claims of the '918 patent, either literally or under the doctrine of equivalents.

221.    On information and belief, these direct infringing uses will occur with Defendants' specific intent and encouragement and will be uses that Defendants know or should know will occur.

222.    On information and belief, Defendants will actively induce, encourage, and aid and abet this prescription and administration, with knowledge and specific intent that these uses will be in contravention of Plaintiffs' rights under the '918 patent and will constitute infringement.

223.    On information and belief, upon FDA approval of the Alembic ANDA, Defendants will intentionally encourage direct infringement, either literally or under the doctrine of equivalents, with knowledge of the '918 patent. Defendants will do so through their promotional activities and package inserts for the Alembic ANDA Products, by encouraging healthcare professionals and patients to use the products in a manner that infringes the '918 patent.

224.   Defendants, by filing the Alembic ANDA with the Alembic Paragraph IV Certification, have infringed, and by that conduct have shown an intent to contributorily infringe one or more claims of the '918 patent under 35 U.S.C. § 271(c), unless enjoined by this Court. On information and belief, Defendants will contribute to the direct infringement by others, either literally or under the doctrine of equivalents, with knowledge that the Alembic ANDA Products constitute a material part of at least one of the claims of the '918 patent. Defendants have had and continue to have knowledge that the Alembic ANDA Products are especially made or adapted for use in infringing one or more of the claims of the '918 patent and are not suitable for substantial non-infringing use.

225.   Plaintiffs will be substantially and irreparably harmed if Defendants are permitted to make, use, sell, offer to sell, and/or import the Alembic ANDA Products and are not enjoined from doing so. Plaintiffs are entitled to relief, including that provided by 35 U.S.C. §§ 271(e)(4) and/or 283, such as an order from this Court that the effective date of approval of the Alembic ANDA be a date that is not earlier than the expiration date of the '918 patent, or any later expiration of exclusivity for the '918 patent to which Plaintiffs are or become entitled, and an injunction against such infringement. Plaintiffs do not have an adequate remedy at law.

226.   Upon information and belief, Defendants had knowledge of the '918 patent from at least a time at or around the date the '918 patent was listed in the Orange Book.

227.   This is an exceptional case within the meaning of 35 U.S.C. § 285, and Plaintiffs are also entitled to declaratory judgment relief under 28 U.S.C. §§ 2201 and 2202.

<div align="center">

**COUNT XI**
**INFRINGEMENT OF THE '099 PATENT BY DEFENDANTS**

</div>

228.   Plaintiffs reallege all preceding paragraphs as if fully set forth herein.

229. By submission of the Alembic ANDA with the Alembic Paragraph IV Certification to the FDA and notice to Plaintiffs of the same, Defendants declared their intent to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Alembic ANDA Products prior to the expiration of the '099 patent and under a label substantively the same as the label for CREXONT®, in the event that the FDA approves the Alembic ANDA. Accordingly, an actual and immediate controversy exists regarding Defendants' infringement of the '099 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

230. Defendants' submission of the Alembic ANDA with the Alembic Paragraph IV Certification to the FDA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Alembic ANDA Products before expiration of the '099 patent constituted an act of infringement of one or more claims of the '099 patent under 35 U.S.C. § 271(e)(2)(A).

231. Defendants' commercial manufacture, use, offer for sale, sale, and/or importation of the Alembic ANDA Products prior to expiration of the '099 patent, and Defendants' inducement of and/or contribution to such conduct, would further infringe at least one claim of the '099 patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), (b), and/or (c).

232. If approved by the FDA, use of Alembic ANDA Products by healthcare professionals and patients that is consistent with a label that is substantively the same as the label for CREXONT® will directly infringe the '099 patent, either literally or under the doctrine of equivalents.

233. By filing the Alembic ANDA with the Alembic Paragraph IV Certification, Defendants have infringed, and by that conduct have shown an intent to, and will, infringe at least one claim of the '099 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling,

and/or importing the Alembic ANDA Products, either literally or under the doctrine of equivalents, upon FDA approval of the Alembic ANDA, unless enjoined by this Court.

234. On information and belief, at least by virtue of the listing of the '099 patent in the Orange Book and Defendants' identification of the '099 patent in the Notice Letter and Detailed Statement, Defendants have knowledge of the '099 patent.

235. On information and belief, at least by virtue of their submission of the Alembic ANDA with the Alembic Paragraph IV Certification to the FDA and their identification of the '099 patent in the Notice Letter and Detailed Statement, Defendants have knowledge that use of the Alembic ANDA Products that is consistent with a label that is substantively the same as the label for CREXONT® constitutes infringement of the '099 patent.

236. Defendants, by filing the Alembic ANDA with the Alembic Paragraph IV Certification, have infringed, and by that conduct have shown an intent to actively induce infringement of one or more claims of the '099 patent under 35 U.S.C. § 271(b). On information and belief, Defendants will do so by marketing the Alembic ANDA Products and encouraging healthcare professionals and patients to use them in a manner that constitutes direct infringement of one or more of the claims of the '099 patent, either literally or under the doctrine of equivalents.

237. On information and belief, these direct infringing uses will occur with Defendants' specific intent and encouragement and will be uses that Defendants know or should know will occur.

238. On information and belief, Defendants will actively induce, encourage, and aid and abet this prescription and administration, with knowledge and specific intent that these uses will be in contravention of Plaintiffs' rights under the '099 patent and will constitute infringement.

239.    On information and belief, upon FDA approval of the Alembic ANDA, Defendants will intentionally encourage direct infringement, either literally or under the doctrine of equivalents, with knowledge of the '099 patent. Defendants will do so through their promotional activities and package inserts for the Alembic ANDA Products, by encouraging healthcare professionals and patients to use the products in a manner that infringes the '099 patent.

240.    Defendants, by filing the Alembic ANDA with the Alembic Paragraph IV Certification, have infringed, and by that conduct have shown an intent to contributorily infringe one or more claims of the '099 patent under 35 U.S.C. § 271(c), unless enjoined by this Court. On information and belief, Defendants will contribute to the direct infringement by others, either literally or under the doctrine of equivalents, with knowledge that the Alembic ANDA Products constitute a material part of at least one of the claims of the '099 patent. Defendants have had and continue to have knowledge that the Alembic ANDA Products are especially made or adapted for use in infringing one or more of the claims of the '099 patent and are not suitable for substantial non-infringing use.

241.    Plaintiffs will be substantially and irreparably harmed if Defendants are permitted to make, use, sell, offer to sell, and/or import the Alembic ANDA Products and are not enjoined from doing so. Plaintiffs are entitled to relief, including that provided by 35 U.S.C. §§ 271(e)(4) and/or 283, such as an order from this Court that the effective date of approval of the Alembic ANDA be a date that is not earlier than the expiration date of the '099 patent, or any later expiration of exclusivity for the '099 patent to which Plaintiffs are or become entitled, and an injunction against such infringement. Plaintiffs do not have an adequate remedy at law.

242.    Upon information and belief, Defendants had knowledge of the '099 patent from at least a time at or around the date the '099 patent was listed in the Orange Book.

243.    This is an exceptional case within the meaning of 35 U.S.C. § 285, and Plaintiffs are also entitled to declaratory judgment relief under 28 U.S.C. §§ 2201 and 2202.

<div align="center"><b><u>COUNT XII</u></b><br><b><u>INFRINGEMENT OF THE '164 PATENT BY DEFENDANTS</u></b></div>

244.    Plaintiffs reallege all preceding paragraphs as if fully set forth herein.

245.    By submission of the Alembic ANDA with the Alembic Paragraph IV Certification to the FDA and notice to Plaintiffs of the same, Defendants declared their intent to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Alembic ANDA Products prior to the expiration of the '164 patent and under a label substantively the same as the label for CREXONT®, in the event that the FDA approves the Alembic ANDA. Accordingly, an actual and immediate controversy exists regarding Defendants' infringement of the '164 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

246.    Defendants' submission of the Alembic ANDA with the Alembic Paragraph IV Certification to the FDA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Alembic ANDA Products before expiration of the '164 patent constituted an act of infringement of one or more claims of the '164 patent under 35 U.S.C. § 271(e)(2)(A).

247.    Defendants' commercial manufacture, use, offer for sale, sale, and/or importation of the Alembic ANDA Products prior to expiration of the '164 patent, and Defendants' inducement of and/or contribution to such conduct, would further infringe at least one claim of the '164 patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), (b), and/or (c).

248.    If approved by the FDA, use of Alembic ANDA Products by healthcare professionals and patients that is consistent with a label that is substantively the same as the label

for CREXONT® will directly infringe the '164 patent, either literally or under the doctrine of equivalents.

249.    By filing the Alembic ANDA with the Alembic Paragraph IV Certification, Defendants have infringed, and by that conduct have shown an intent to, and will, infringe at least one claim of the '164 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing the Alembic ANDA Products, either literally or under the doctrine of equivalents, upon FDA approval of the Alembic ANDA, unless enjoined by this Court.

250.    On information and belief, at least by virtue of the listing of the '164 patent in the Orange Book and Defendants' identification of the '164 patent in the Notice Letter and Detailed Statement, Defendants have knowledge of the '164 patent.

251.    On information and belief, at least by virtue of their submission of the Alembic ANDA with the Alembic Paragraph IV Certification to the FDA and their identification of the '164 patent in the Notice Letter and Detailed Statement, Defendants have knowledge that use of the Alembic ANDA Products that is consistent with a label that is substantively the same as the label for CREXONT® constitutes infringement of the '164 patent.

252.    Defendants, by filing the Alembic ANDA with the Alembic Paragraph IV Certification, have infringed, and by that conduct have shown an intent to actively induce infringement of one or more claims of the '164 patent under 35 U.S.C. § 271(b). On information and belief, Defendants will do so by marketing the Alembic ANDA Products and encouraging healthcare professionals and patients to use them in a manner that constitutes direct infringement of one or more of the claims of the '164 patent, either literally or under the doctrine of equivalents.

253. On information and belief, these direct infringing uses will occur with Defendants' specific intent and encouragement and will be uses that Defendants know or should know will occur.

254. On information and belief, Defendants will actively induce, encourage, and aid and abet this prescription and administration, with knowledge and specific intent that these uses will be in contravention of Plaintiffs' rights under the '164 patent and will constitute infringement.

255. On information and belief, upon FDA approval of the Alembic ANDA, Defendants will intentionally encourage direct infringement, either literally or under the doctrine of equivalents, with knowledge of the '164 patent. Defendants will do so through their promotional activities and package inserts for the Alembic ANDA Products, by encouraging healthcare professionals and patients to use the products in a manner that infringes the '164 patent.

256. Defendants, by filing the Alembic ANDA with the Alembic Paragraph IV Certification, have infringed, and by that conduct have shown an intent to contributorily infringe one or more claims of the '164 patent under 35 U.S.C. § 271(c), unless enjoined by this Court. On information and belief, Defendants will contribute to the direct infringement by others, either literally or under the doctrine of equivalents, with knowledge that the Alembic ANDA Products constitute a material part of at least one of the claims of the '164 patent. Defendants have had and continue to have knowledge that the Alembic ANDA Products are especially made or adapted for use in infringing one or more of the claims of the '164 patent and are not suitable for substantial non-infringing use.

257. Plaintiffs will be substantially and irreparably harmed if Defendants are permitted to make, use, sell, offer to sell, and/or import the Alembic ANDA Products and are not enjoined from doing so. Plaintiffs are entitled to relief, including that provided by 35 U.S.C. §§ 271(e)(4)

and/or 283, such as an order from this Court that the effective date of approval of the Alembic ANDA be a date that is not earlier than the expiration date of the '164 patent, or any later expiration of exclusivity for the '164 patent to which Plaintiffs are or become entitled, and an injunction against such infringement. Plaintiffs do not have an adequate remedy at law.

258.    Upon information and belief, Defendants had knowledge of the '164 patent from at least a time at or around the date the '164 patent was listed in the Orange Book.

259.    This is an exceptional case within the meaning of 35 U.S.C. § 285, and Plaintiffs are also entitled to declaratory judgment relief under 28 U.S.C. §§ 2201 and 2202.

## COUNT XIII
## INFRINGEMENT OF THE '449 PATENT BY DEFENDANTS

260.    Plaintiffs reallege all preceding paragraphs as if fully set forth herein.

261.    By submission of the Alembic ANDA with the Alembic Paragraph IV Certification to the FDA and notice to Plaintiffs of the same, Defendants declared their intent to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Alembic ANDA Products prior to the expiration of the '449 patent and under a label substantively the same as the label for CREXONT®, in the event that the FDA approves the Alembic ANDA. Accordingly, an actual and immediate controversy exists regarding Defendants' infringement of the '449 patent under at least 35 U.S.C. §§ 271(b) and/or (c).

262.    Defendants' submission of the Alembic ANDA with the Alembic Paragraph IV Certification to the FDA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Alembic ANDA Products before expiration of the '449 patent constituted an act of infringement of one or more claims of the '449 patent under 35 U.S.C. § 271(e)(2)(A).

263.     Defendants' commercial manufacture, use, offer for sale, sale, and/or importation of the Alembic ANDA Products prior to expiration of the '449 patent, and Defendants' inducement of and/or contribution to such conduct, would further infringe at least one claim of the '449 patent, either literally or under the doctrine of equivalents, under at least 35 U.S.C. § 271(b) and/or (c).

264.     If approved by the FDA, use of Alembic ANDA Products by healthcare professionals and patients that is consistent with a label that is substantively the same as the label for CREXONT® will directly infringe the '449 patent, either literally or under the doctrine of equivalents.

265.     On information and belief, at least by virtue of the listing of the '449 patent in the Orange Book and Defendants' identification of the '449 patent in the Notice Letter and Detailed Statement, Defendants have knowledge of the '449 patent.

266.     On information and belief, at least by virtue of their submission of the Alembic ANDA with the Alembic Paragraph IV Certification to the FDA and their identification of the '449 patent in the Notice Letter and Detailed Statement, Defendants have knowledge that use of the Alembic ANDA Products that is consistent with a label that is substantively the same as the label for CREXONT® constitutes infringement of the '449 patent.

267.     Defendants, by filing the Alembic ANDA with the Alembic Paragraph IV Certification, have infringed, and by that conduct have shown an intent to actively induce infringement of one or more claims of the '449 patent under 35 U.S.C. § 271(b). On information and belief, Defendants will do so by marketing the Alembic ANDA Products and encouraging healthcare professionals and patients to use them in a manner that constitutes direct infringement of one or more of the claims of the '449 patent, either literally or under the doctrine of equivalents.

268. For example, on information and belief, if approved by the FDA, the Alembic ANDA Products will be sold under a label substantively the same as the label for CREXONT®, including indications for prescribing and administering the Alembic ANDA Products to human patients to, *inter alia*, treat Parkinson's disease. Uses of the Alembic ANDA Products for these indications will constitute direct infringement of one or more claims of the '449 patent, either literally or under the doctrine of equivalents.

269. On information and belief, these direct infringing uses will occur with Defendants' specific intent and encouragement and will be uses that Defendants know or should know will occur.

270. On information and belief, Defendants will actively induce, encourage, and aid and abet this prescription and administration, with knowledge and specific intent that these uses will be in contravention of Plaintiffs' rights under the '449 patent and will constitute infringement.

271. On information and belief, upon FDA approval of the Alembic ANDA, Defendants will intentionally encourage direct infringement, either literally or under the doctrine of equivalents, with knowledge of the '449 patent. Defendants will do so through their promotional activities and package inserts for the Alembic ANDA Products, by encouraging healthcare professionals and patients to use the products in a manner that infringes the '449 patent claims.

272. Defendants, by filing the Alembic ANDA with the Alembic Paragraph IV Certification, have infringed, and by that conduct have shown an intent to contributorily infringe one or more claims of the '449 patent under 35 U.S.C. § 271(c), unless enjoined by this Court. On information and belief, Defendants will contribute to the direct infringement by others, either literally or under the doctrine of equivalents, with knowledge that the Alembic ANDA Products constitute a material part of at least one of the claims of the '449 patent. Defendants have had and

continue to have knowledge that the Alembic ANDA Products are especially made or adapted for use in infringing one or more of the claims of the '449 patent and are not suitable for substantial non-infringing use.

273.    Plaintiffs will be substantially and irreparably harmed if Defendants are permitted to make, use, sell, offer to sell, and/or import the Alembic ANDA Products and are not enjoined from doing so. Plaintiffs are entitled to relief, including that provided by 35 U.S.C. §§ 271(e)(4) and/or 283, such as an order from this Court that the effective date of approval of the Alembic ANDA be a date that is not earlier than the expiration date of the '449 patent, or any later expiration of exclusivity for the '449 patent to which Plaintiffs are or become entitled, and an injunction against such infringement. Plaintiffs do not have an adequate remedy at law.

274.    Defendants have had knowledge of the '449 patent since at least the date Defendants submitted the Alembic ANDA and the Alembic Paragraph IV Certification and was aware that the submission of the Alembic ANDA and the Alembic Paragraph IV Certification constituted an act of infringement under 35 U.S.C. § 271(e)(2)(A).

275.    This is an exceptional case within the meaning of 35 U.S.C. § 285, and Plaintiffs are also entitled to declaratory judgment relief under 28 U.S.C. §§ 2201 and 2202.

<div align="center">

**COUNT XIV**
**INFRINGEMENT OF THE '185 PATENT BY DEFENDANTS**

</div>

276.    Plaintiffs reallege all preceding paragraphs as if fully set forth herein.

277.    By submission of the Alembic ANDA with the Alembic Paragraph IV Certification to the FDA and notice to Plaintiffs of the same, Defendants declared their intent to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Alembic ANDA Products prior to the expiration of the '185 patent and under a label substantively the same as the label for CREXONT®, in the event that the FDA approves the Alembic ANDA. Accordingly, an

actual and immediate controversy exists regarding Defendants' infringement of the '185 patent under 35 U.S.C. §§ 271(b) and/or (c).

278. Defendants' submission of the Alembic ANDA with the Alembic Paragraph IV Certification to the FDA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Alembic ANDA Products before expiration of the '185 patent constituted an act of infringement of one or more claims of the '185 patent under 35 U.S.C. § 271(e)(2)(A).

279. Defendants' commercial manufacture, use, offer for sale, sale, and/or importation of the Alembic ANDA Products prior to expiration of the '185 patent, and Defendants' inducement of and/or contribution to such conduct, would further infringe at least one claim of the '185 patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(b) and/or (c).

280. If approved by the FDA, use of Alembic ANDA Products by healthcare professionals and patients that is consistent with a label that is substantively the same as the label for CREXONT® will directly infringe the '185 patent, either literally or under the doctrine of equivalents.

281. On information and belief, at least by virtue of the listing of the '185 patent in the Orange Book and Defendants' identification of the '185 patent in the Notice Letter and Detailed Statement, Defendants have knowledge of the '185 patent.

282. On information and belief, at least by virtue of their submission of the Alembic ANDA with the Alembic Paragraph IV Certification to the FDA and their identification of the '185 patent in the Notice Letter and Detailed Statement, Defendants have knowledge that use of the Alembic ANDA Products that is consistent with a label that is substantively the same as the label for CREXONT® constitutes infringement of the '185 patent.

283.   Defendants, by filing the Alembic ANDA with the Alembic Paragraph IV Certification, have infringed, and by that conduct have shown an intent to actively induce infringement of one or more claims of the '185 patent under 35 U.S.C. § 271(b). On information and belief, Defendants will do so by marketing the Alembic ANDA Products and encouraging healthcare professionals and patients to use them in a manner that constitutes direct infringement of one or more of the claims of the '185 patent, either literally or under the doctrine of equivalents.

284.   For example, on information and belief, if approved by the FDA, the Alembic ANDA Products will be sold under a label substantively the same as the label for CREXONT®, including indications for prescribing and administering the Alembic ANDA Products to human patients to, *inter alia*, treat Parkinson's disease. Uses of the Alembic ANDA Products for these indications will constitute direct infringement of one or more claims of the '185 patent, either literally or under the doctrine of equivalents.

285.   On information and belief, these direct infringing uses will occur with Defendants' specific intent and encouragement and will be uses that Defendants know or should know will occur.

286.   On information and belief, Defendants will actively induce, encourage, and aid and abet this prescription and administration, with knowledge and specific intent that these uses will be in contravention of Plaintiffs' rights under the '185 patent and will constitute infringement.

287.   On information and belief, upon FDA approval of the Alembic ANDA, Defendants will intentionally encourage direct infringement, either literally or under the doctrine of equivalents, with knowledge of the '185 patent. Defendants will do so through their promotional activities and package inserts for the Alembic ANDA Products, by encouraging healthcare professionals and patients to use the products in a manner that infringes the '185 patent.

288. Defendants, by filing the Alembic ANDA with the Alembic Paragraph IV Certification, have infringed, and by that conduct have shown an intent to contributorily infringe one or more claims of the ’185 patent under 35 U.S.C. § 271(c), unless enjoined by this Court. On information and belief, Defendants will contribute to the direct infringement by others, either literally or under the doctrine of equivalents, with knowledge that the Alembic ANDA Products constitute a material part of at least one of the claims of the ’185 patent. Defendants have had and continue to have knowledge that the Alembic ANDA Products are especially made or adapted for use in infringing one or more of the claims of the ’185 patent and are not suitable for substantial non-infringing use.

289. Plaintiffs will be substantially and irreparably harmed if Defendants are permitted to make, use, sell, offer to sell, and/or import the Alembic ANDA Products and are not enjoined from doing so. Plaintiffs are entitled to relief, including that provided by 35 U.S.C. §§ 271(e)(4) and/or 283, such as an order from this Court that the effective date of approval of the Alembic ANDA be a date that is not earlier than the expiration date of the ’185 patent, or any later expiration of exclusivity for the ’185 patent to which Plaintiffs are or become entitled, and an injunction against such infringement. Plaintiffs do not have an adequate remedy at law.

290. Defendants have had knowledge of the ’185 patent since at least the date Defendants submitted the Alembic ANDA and the Alembic Paragraph IV Certification and were aware that the submission of the Alembic ANDA and the Alembic Paragraph IV Certification constituted an act of infringement under 35 U.S.C. § 271(e)(2)(A).

291. This is an exceptional case within the meaning of 35 U.S.C. § 285, and Plaintiffs are also entitled to declaratory judgment relief under 28 U.S.C. §§ 2201 and 2202.

## COUNT XV
## INFRINGEMENT OF THE '150 PATENT BY DEFENDANTS

292.    Plaintiffs reallege all preceding paragraphs as if fully set forth herein.

293.    By submission of the Alembic ANDA with the Alembic Paragraph IV Certification to the FDA and notice to Plaintiffs of the same, Defendants declared their intent to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Alembic ANDA Products prior to the expiration of the '150 patent and under a label substantively the same as the label for CREXONT®, in the event that the FDA approves the Alembic ANDA. Accordingly, an actual and immediate controversy exists regarding Defendants' infringement of the '150 patent under 35 U.S.C. §§ 271(b) and/or (c).

294.    Defendants' submission of the Alembic ANDA with the Alembic Paragraph IV Certification to the FDA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Alembic ANDA Products before expiration of the '150 patent constituted an act of infringement of one or more claims of the '150 patent under 35 U.S.C. § 271(e)(2)(A).

295.    Defendants' commercial manufacture, use, offer for sale, sale, and/or importation of the Alembic ANDA Products prior to expiration of the '150 patent, and Defendants' inducement of and/or contribution to such conduct, would further infringe at least one claim of the '150 patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(b) and/or (c).

296.    If approved by the FDA, use of Alembic ANDA Products by healthcare professionals and patients that is consistent with a label that is substantively the same as the label for CREXONT® will directly infringe the '150 patent, either literally or under the doctrine of equivalents.

297.    On information and belief, at least by virtue of the listing of the '150 patent in the Orange Book and Defendants' identification of the '150 patent in the Notice Letter and Detailed Statement, Defendants have knowledge of the '150 patent.

298.    On information and belief, at least by virtue of their submission of the Alembic ANDA with the Alembic Paragraph IV Certification to the FDA and their identification of the '150 patent in the Notice Letter and Detailed Statement, Defendants have knowledge that use of the Alembic ANDA Products that is consistent with a label that is substantively the same as the label for CREXONT® constitutes infringement of the '150 patent.

299.    Defendants, by filing the Alembic ANDA with the Alembic Paragraph IV Certification, have infringed, and by that conduct have shown an intent to actively induce infringement of one or more claims of the '150 patent under 35 U.S.C. § 271(b). On information and belief, Defendants will do so by marketing the Alembic ANDA Products and encouraging healthcare professionals and patients to use them in a manner that constitutes direct infringement of one or more of the claims of the '150 patent, either literally or under the doctrine of equivalents.

300.    For example, on information and belief, if approved by the FDA, the Alembic ANDA Products will be sold under a label substantively the same as the label for CREXONT®, including indications for prescribing and administering the Alembic ANDA Products to human patients to, *inter alia*, treat Parkinson's disease. Uses of the Alembic ANDA Products for these indications will constitute direct infringement of one or more claims of the '150 patent, either literally or under the doctrine of equivalents.

301.    On information and belief, these direct infringing uses will occur with Defendants' specific intent and encouragement and will be uses that Defendants know or should know will occur.

302.    On information and belief, Defendants will actively induce, encourage, and aid and abet this prescription and administration, with knowledge and specific intent that these uses will be in contravention of Plaintiffs' rights under the '150 patent and will constitute infringement.

303.    On information and belief, upon FDA approval of the Alembic ANDA, Defendants will intentionally encourage direct infringement, either literally or under the doctrine of equivalents, with knowledge of the '150 patent. Defendants will do so through their promotional activities and package inserts for the Alembic ANDA Products, by encouraging healthcare professionals and patients to use the products in a manner that infringes the '150 patent.

304.    Defendants, by filing the Alembic ANDA with the Alembic Paragraph IV Certification, have infringed, and by that conduct have shown an intent to contributorily infringe one or more claims of the '150 patent under 35 U.S.C. § 271(c), unless enjoined by this Court. On information and belief, Defendants will contribute to the direct infringement by others, either literally or under the doctrine of equivalents, with knowledge that the Alembic ANDA Products constitute a material part of at least one of the claims of the '150 patent. Defendants have had and continue to have knowledge that the Alembic ANDA Products are especially made or adapted for use in infringing one or more of the claims of the '150 patent and are not suitable for substantial non-infringing use.

305.    Plaintiffs will be substantially and irreparably harmed if Defendants are permitted to make, use, sell, offer to sell, and/or import the Alembic ANDA Products and are not enjoined from doing so. Plaintiffs are entitled to relief, including that provided by 35 U.S.C. §§ 271(e)(4) and/or 283, such as an order from this Court that the effective date of approval of the Alembic ANDA be a date that is not earlier than the expiration date of the '150 patent, or any later expiration

of exclusivity for the '150 patent to which Plaintiffs are or become entitled, and an injunction against such infringement. Plaintiffs do not have an adequate remedy at law.

306. Defendants have had knowledge of the '150 patent since at least the date Defendants submitted the Alembic ANDA and the Alembic Paragraph IV Certification and were aware that the submission of the Alembic ANDA and the Alembic Paragraph IV Certification constituted an act of infringement under 35 U.S.C. § 271(e)(2)(A).

307. This is an exceptional case within the meaning of 35 U.S.C. § 285, and Plaintiffs are also entitled to declaratory judgment relief under 28 U.S.C. §§ 2201 and 2202.

<u>**COUNT XV**</u>
<u>**INFRINGEMENT OF THE '596 PATENT BY DEFENDANTS**</u>

308. Plaintiffs reallege all preceding paragraphs as if fully set forth herein.

309. By submission of the Alembic ANDA with the Alembic Paragraph IV Certification to the FDA and notice to Plaintiffs of the same, Defendants declared their intent to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Alembic ANDA Products prior to the expiration of the '596 patent and under a label substantively the same as the label for CREXONT®, in the event that the FDA approves the Alembic ANDA. Accordingly, an actual and immediate controversy exists regarding Defendants' infringement of the '596 patent under 35 U.S.C. §§ 271(b) and/or (c).

310. Defendants' submission of the Alembic ANDA with the Alembic Paragraph IV Certification to the FDA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Alembic ANDA Products before expiration of the '596 patent constituted an act of infringement of one or more claims of the '596 patent under 35 U.S.C. § 271(e)(2)(A).

311.    Defendants' commercial manufacture, use, offer for sale, sale, and/or importation of the Alembic ANDA Products prior to expiration of the '596 patent, and Defendants' inducement of and/or contribution to such conduct, would further infringe at least one claim of the '596 patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(b) and/or (c).

312.    If approved by the FDA, use of Alembic ANDA Products by healthcare professionals and patients that is consistent with a label that is substantively the same as the label for CREXONT® will directly infringe the '596 patent, either literally or under the doctrine of equivalents.

313.    On information and belief, at least by virtue of the listing of the '596 patent in the Orange Book and Defendants' identification of the '596 patent in the Notice Letter and Detailed Statement, Defendants have knowledge of the '596 patent.

314.    On information and belief, at least by virtue of their submission of the Alembic ANDA with the Alembic Paragraph IV Certification to the FDA and their identification of the '596 patent in the Notice Letter and Detailed Statement, Defendants have knowledge that use of the Alembic ANDA Products that is consistent with a label that is substantively the same as the label for CREXONT® constitutes infringement of the '596 patent.

315.    Defendants, by filing the Alembic ANDA with the Alembic Paragraph IV Certification, have infringed, and by that conduct have shown an intent to actively induce infringement of one or more claims of the '596 patent under 35 U.S.C. § 271(b). On information and belief, Defendants will do so by marketing the Alembic ANDA Products and encouraging healthcare professionals and patients to use them in a manner that constitutes direct infringement of one or more of the claims of the '596 patent, either literally or under the doctrine of equivalents.

316.    For example, on information and belief, if approved by the FDA, the Alembic ANDA Products will be sold under a label substantively the same as the label for CREXONT®, including indications for prescribing and administering the Alembic ANDA Products to human patients to, *inter alia*, treat Parkinson's disease. Uses of the Alembic ANDA Products for these indications will constitute direct infringement of one or more claims of the '596 patent, either literally or under the doctrine of equivalents.

317.    On information and belief, these direct infringing uses will occur with Defendants' specific intent and encouragement and will be uses that Defendants know or should know will occur.

318.    On information and belief, Defendants will actively induce, encourage, and aid and abet this prescription and administration, with knowledge and specific intent that these uses will be in contravention of Plaintiffs' rights under the '596 patent and will constitute infringement.

319.    On information and belief, upon FDA approval of the Alembic ANDA, Defendants will intentionally encourage direct infringement, either literally or under the doctrine of equivalents, with knowledge of the '596 patent. Defendants will do so through their promotional activities and package inserts for the Alembic ANDA Products, by encouraging healthcare professionals and patients to use the products in a manner that infringes the '596 patent.

320.    Defendants, by filing the Alembic ANDA with the Alembic Paragraph IV Certification, have infringed, and by that conduct have shown an intent to contributorily infringe one or more claims of the '596 patent under 35 U.S.C. § 271(c), unless enjoined by this Court. On information and belief, Defendants will contribute to the direct infringement by others, either literally or under the doctrine of equivalents, with knowledge that the Alembic ANDA Products constitute a material part of at least one of the claims of the '596 patent. Defendants have had and

continue to have knowledge that the Alembic ANDA Products are especially made or adapted for use in infringing one or more of the claims of the '596 patent and are not suitable for substantial non-infringing use.

321. Plaintiffs will be substantially and irreparably harmed if Defendants are permitted to make, use, sell, offer to sell, and/or import the Alembic ANDA Products and are not enjoined from doing so. Plaintiffs are entitled to relief, including that provided by 35 U.S.C. §§ 271(e)(4) and/or 283, such as an order from this Court that the effective date of approval of the Alembic ANDA be a date that is not earlier than the expiration date of the '596 patent, or any later expiration of exclusivity for the '596 patent to which Plaintiffs are or become entitled, and an injunction against such infringement. Plaintiffs do not have an adequate remedy at law.

322. Defendants have had knowledge of the '596 patent since at least the date Defendants submitted the Alembic ANDA and the Alembic Paragraph IV Certification and were aware that the submission of the Alembic ANDA and the Alembic Paragraph IV Certification constituted an act of infringement under 35 U.S.C. § 271(e)(2)(A).

323. This is an exceptional case within the meaning of 35 U.S.C. § 285, and Plaintiffs are also entitled to declaratory judgment relief under 28 U.S.C. §§ 2201 and 2202.

<div align="center">

**COUNT XVII**
**INFRINGEMENT OF THE '482 PATENT BY DEFENDANTS**

</div>

324. Plaintiffs reallege all preceding paragraphs as if fully set forth herein.

325. By submission of the Alembic ANDA with the Alembic Paragraph IV Certification to the FDA and notice to Plaintiffs of the same, Defendants declared their intent to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Alembic ANDA Products prior to the expiration of the '482 patent and under a label substantively the same as the label for CREXONT®, in the event that the FDA approves the Alembic ANDA. Accordingly, an

actual and immediate controversy exists regarding Defendants' infringement of the '482 patent under 35 U.S.C. §§ 271(b) and/or (c).

326.    Defendants' submission of the Alembic ANDA with the Alembic Paragraph IV Certification to the FDA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Alembic ANDA Products before expiration of the '482 patent constituted an act of infringement of one or more claims of the '482 patent under 35 U.S.C. § 271(e)(2)(A).

327.    Defendants' commercial manufacture, use, offer for sale, sale, and/or importation of the Alembic ANDA Products prior to expiration of the '482 patent, and Defendants' inducement of and/or contribution to such conduct, would further infringe at least one claim of the '482 patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(b) and/or (c).

328.    If approved by the FDA, use of Alembic ANDA Products by healthcare professionals and patients that is consistent with a label that is substantively the same as the label for CREXONT® will directly infringe the '482 patent, either literally or under the doctrine of equivalents.

329.    On information and belief, at least by virtue of the listing of the '482 patent in the Orange Book and Defendants' identification of the '482 patent in the Notice Letter and Detailed Statement, Defendants have knowledge of the '482 patent.

330.    On information and belief, at least by virtue of their submission of the Alembic ANDA with the Alembic Paragraph IV Certification to the FDA and their identification of the '482 patent in the Notice Letter and Detailed Statement, Defendants have knowledge that use of the Alembic ANDA Products that is consistent with a label that is substantively the same as the label for CREXONT® constitutes infringement of the '482 patent.

331.    Defendants, by filing the Alembic ANDA with the Alembic Paragraph IV Certification, have infringed, and by that conduct have shown an intent to actively induce infringement of one or more claims of the '482 patent under 35 U.S.C. § 271(b). On information and belief, Defendants will do so by marketing the Alembic ANDA Products and encouraging healthcare professionals and patients to use them in a manner that constitutes direct infringement of one or more of the claims of the '482 patent, either literally or under the doctrine of equivalents.

332.    For example, on information and belief, if approved by the FDA, the Alembic ANDA Products will be sold under a label substantively the same as the label for CREXONT®, including indications for prescribing and administering the Alembic ANDA Products to human patients to, *inter alia*, treat Parkinson's disease. Uses of the Alembic ANDA Products for these indications will constitute direct infringement of one or more claims of the '482 patent, either literally or under the doctrine of equivalents.

333.    On information and belief, these direct infringing uses will occur with Defendants' specific intent and encouragement and will be uses that Defendants know or should know will occur.

334.    On information and belief, Defendants will actively induce, encourage, and aid and abet this prescription and administration, with knowledge and specific intent that these uses will be in contravention of Plaintiffs' rights under the '482 patent and will constitute infringement.

335.    On information and belief, upon FDA approval of the Alembic ANDA, Defendants will intentionally encourage direct infringement, either literally or under the doctrine of equivalents, with knowledge of the '482 patent. Defendants will do so through their promotional activities and package inserts for the Alembic ANDA Products, by encouraging healthcare professionals and patients to use the products in a manner that infringes the '482 patent.

336.     Defendants, by filing the Alembic ANDA with the Alembic Paragraph IV Certification, have infringed, and by that conduct have shown an intent to contributorily infringe one or more claims of the '482 patent under 35 U.S.C. § 271(c), unless enjoined by this Court. On information and belief, Defendants will contribute to the direct infringement by others, either literally or under the doctrine of equivalents, with knowledge that the Alembic ANDA Products constitute a material part of at least one of the claims of the '482 patent. Defendants have had and continue to have knowledge that the Alembic ANDA Products are especially made or adapted for use in infringing one or more of the claims of the '482 patent and are not suitable for substantial non-infringing use.

337.     Plaintiffs will be substantially and irreparably harmed if Defendants are permitted to make, use, sell, offer to sell, and/or import the Alembic ANDA Products and are not enjoined from doing so. Plaintiffs are entitled to relief, including that provided by 35 U.S.C. §§ 271(e)(4) and/or 283, such as an order from this Court that the effective date of approval of the Alembic ANDA be a date that is not earlier than the expiration date of the '482 patent, or any later expiration of exclusivity for the '482 patent to which Plaintiffs are or become entitled, and an injunction against such infringement. Plaintiffs do not have an adequate remedy at law.

338.     Defendants have had knowledge of the '482 patent since at least the date Defendants submitted the Alembic ANDA and the Alembic Paragraph IV Certification and were aware that the submission of the Alembic ANDA and the Alembic Paragraph IV Certification constituted an act of infringement under 35 U.S.C. § 271(e)(2)(A).

339.     This is an exceptional case within the meaning of 35 U.S.C. § 285, and Plaintiffs are also entitled to declaratory judgment relief under 28 U.S.C. §§ 2201 and 2202.

## COUNT XVIII
## INFRINGEMENT OF THE '163 PATENT BY DEFENDANTS

340.    Plaintiffs reallege all preceding paragraphs as if fully set forth herein.

341.    By submission of the Alembic ANDA with the Alembic Paragraph IV Certification to the FDA and notice to Plaintiffs of the same, Defendants declared their intent to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Alembic ANDA Products prior to the expiration of the '163 patent and under a label substantively the same as the label for CREXONT®, in the event that the FDA approves the Alembic ANDA. Accordingly, an actual and immediate controversy exists regarding Defendants' infringement of the '163 patent under 35 U.S.C. §§ 271(b) and/or (c).

342.    Defendants' submission of the Alembic ANDA with the Alembic Paragraph IV Certification to the FDA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Alembic ANDA Products before expiration of the '163 patent constituted an act of infringement of one or more claims of the '163 patent under 35 U.S.C. § 271(e)(2)(A).

343.    Defendants' commercial manufacture, use, offer for sale, sale, and/or importation of the Alembic ANDA Products prior to expiration of the '163 patent, and Defendants' inducement of and/or contribution to such conduct, would further infringe at least one claim of the '163 patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(b) and/or (c).

344.    If approved by the FDA, use of Alembic ANDA Products by healthcare professionals and patients that is consistent with a label that is substantively the same as the label for CREXONT® will directly infringe the '163 patent, either literally or under the doctrine of equivalents.

345.    On information and belief, at least by virtue of the listing of the '163 patent in the Orange Book and Defendants' identification of the '163 patent in the Notice Letter and Detailed Statement, Defendants have knowledge of the '163 patent.

346.    On information and belief, at least by virtue of their submission of the Alembic ANDA with the Alembic Paragraph IV Certification to the FDA and their identification of the '163 patent in the Notice Letter and Detailed Statement, Defendants have knowledge that use of the Alembic ANDA Products that is consistent with a label that is substantively the same as the label for CREXONT® constitutes infringement of the '163 patent.

347.    Defendants, by filing the Alembic ANDA with the Alembic Paragraph IV Certification, have infringed, and by that conduct have shown an intent to actively induce infringement of one or more claims of the '163 patent under 35 U.S.C. § 271(b). On information and belief, Defendants will do so by marketing the Alembic ANDA Products and encouraging healthcare professionals and patients to use them in a manner that constitutes direct infringement of one or more of the claims of the '163 patent, either literally or under the doctrine of equivalents.

348.    For example, on information and belief, if approved by the FDA, the Alembic ANDA Products will be sold under a label substantively the same as the label for CREXONT®, including indications for prescribing and administering the Alembic ANDA Products to human patients to, *inter alia*, treat Parkinson's disease. Uses of the Alembic ANDA Products for these indications will constitute direct infringement of one or more claims of the '163 patent, either literally or under the doctrine of equivalents.

349.    On information and belief, these direct infringing uses will occur with Defendants' specific intent and encouragement and will be uses that Defendants know or should know will occur.

350.    On information and belief, Defendants will actively induce, encourage, and aid and abet this prescription and administration, with knowledge and specific intent that these uses will be in contravention of Plaintiffs' rights under the '163 patent and will constitute infringement.

351.    On information and belief, upon FDA approval of the Alembic ANDA, Defendants will intentionally encourage direct infringement, either literally or under the doctrine of equivalents, with knowledge of the '163 patent. Defendants will do so through their promotional activities and package inserts for the Alembic ANDA Products, by encouraging healthcare professionals and patients to use the products in a manner that infringes the '163 patent.

352.    Defendants, by filing the Alembic ANDA with the Alembic Paragraph IV Certification, have infringed, and by that conduct have shown an intent to contributorily infringe one or more claims of the '163 patent under 35 U.S.C. § 271(c), unless enjoined by this Court. On information and belief, Defendants will contribute to the direct infringement by others, either literally or under the doctrine of equivalents, with knowledge that the Alembic ANDA Products constitute a material part of at least one of the claims of the '163 patent. Defendants have had and continue to have knowledge that the Alembic ANDA Products are especially made or adapted for use in infringing one or more of the claims of the '163 patent and are not suitable for substantial non-infringing use.

353.    Plaintiffs will be substantially and irreparably harmed if Defendants are permitted to make, use, sell, offer to sell, and/or import the Alembic ANDA Products and are not enjoined from doing so. Plaintiffs are entitled to relief, including that provided by 35 U.S.C. §§ 271(e)(4) and/or 283, such as an order from this Court that the effective date of approval of the Alembic ANDA be a date that is not earlier than the expiration date of the '163 patent, or any later expiration

of exclusivity for the '163 patent to which Plaintiffs are or become entitled, and an injunction against such infringement. Plaintiffs do not have an adequate remedy at law.

354.   Defendants have had knowledge of the '163 patent since at least the date Defendants submitted the Alembic ANDA and the Alembic Paragraph IV Certification and were aware that the submission of the Alembic ANDA and the Alembic Paragraph IV Certification constituted an act of infringement under 35 U.S.C. § 271(e)(2)(A).

355.   This is an exceptional case within the meaning of 35 U.S.C. § 285, and Plaintiffs are also entitled to declaratory judgment relief under 28 U.S.C. §§ 2201 and 2202.

## COUNT XIX
## INFRINGEMENT OF THE '139 PATENT BY DEFENDANTS

356.   Plaintiffs reallege all preceding paragraphs as if fully set forth herein.

357.   By submission of the Alembic ANDA with the Alembic Paragraph IV Certification to the FDA and notice to Plaintiffs of the same, Defendants declared their intent to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Alembic ANDA Products prior to the expiration of the '139 patent and under a label substantively the same as the label for CREXONT®, in the event that the FDA approves the Alembic ANDA. Accordingly, an actual and immediate controversy exists regarding Defendants' infringement of the '139 patent under 35 U.S.C. §§ 271(b) and/or (c).

358.   Defendants' submission of the Alembic ANDA with the Alembic Paragraph IV Certification to the FDA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Alembic ANDA Products before expiration of the '139 patent constituted an act of infringement of one or more claims of the '139 patent under 35 U.S.C. § 271(e)(2)(A).

359.    Defendants' commercial manufacture, use, offer for sale, sale, and/or importation of the Alembic ANDA Products prior to expiration of the '139 patent, and Defendants' inducement of and/or contribution to such conduct, would further infringe at least one claim of the '139 patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(b), and/or (c).

360.    If approved by the FDA, use of Alembic ANDA Products by healthcare professionals and patients that is consistent with a label that is substantively the same as the label for CREXONT® will directly infringe the '139 patent, either literally or under the doctrine of equivalents.

361.    On information and belief, at least by virtue of the listing of the '139 patent in the Orange Book and Defendants' identification of the '139 patent in the Notice Letter and Detailed Statement, Defendants have knowledge of the '139 patent.

362.    On information and belief, at least by virtue of their submission of the Alembic ANDA with the Alembic Paragraph IV Certification to the FDA and their identification of the '139 patent in the Notice Letter and Detailed Statement, Defendants have knowledge that use of the Alembic ANDA Products that is consistent with a label that is substantively the same as the label for CREXONT® constitutes infringement of the '139 patent.

363.    Defendants, by filing the Alembic ANDA with the Alembic Paragraph IV Certification, have infringed, and by that conduct have shown an intent to actively induce infringement of one or more claims of the '139 patent under 35 U.S.C. § 271(b). On information and belief, Defendants will do so by marketing the Alembic ANDA Products and encouraging healthcare professionals and patients to use them in a manner that constitutes direct infringement of one or more of the claims of the '139 patent, either literally or under the doctrine of equivalents.

364. For example, on information and belief, if approved by the FDA, the Alembic ANDA Products will be sold under a label substantively the same as the label for CREXONT®, including indications for prescribing and administering the Alembic ANDA Products to human patients to, *inter alia*, treat Parkinson's disease. Uses of the Alembic ANDA Products for these indications will constitute direct infringement of one or more claims of the '139 patent, either literally or under the doctrine of equivalents.

365. On information and belief, these direct infringing uses will occur with Defendants' specific intent and encouragement and will be uses that Defendants know or should know will occur.

366. On information and belief, Defendants will actively induce, encourage, and aid and abet this prescription and administration, with knowledge and specific intent that these uses will be in contravention of Plaintiffs' rights under the '139 patent and will constitute infringement.

367. On information and belief, upon FDA approval of the Alembic ANDA, Defendants will intentionally encourage direct infringement, either literally or under the doctrine of equivalents, with knowledge of the '139 patent. Defendants will do so through their promotional activities and package inserts for the Alembic ANDA Products, by encouraging healthcare professionals and patients to use the products in a manner that infringes the '139 patent.

368. Defendants, by filing the Alembic ANDA with the Alembic Paragraph IV Certification, have infringed, and by that conduct have shown an intent to contributorily infringe one or more claims of the '139 patent under 35 U.S.C. § 271(c), unless enjoined by this Court. On information and belief, Defendants will contribute to the direct infringement by others, either literally or under the doctrine of equivalents, with knowledge that the Alembic ANDA Products constitute a material part of at least one of the claims of the '139 patent. Defendants have had and

continue to have knowledge that the Alembic ANDA Products are especially made or adapted for use in infringing one or more of the claims of the '139 patent and are not suitable for substantial non-infringing use.

369.    Plaintiffs will be substantially and irreparably harmed if Defendants are permitted to make, use, sell, offer to sell, and/or import the Alembic ANDA Products and are not enjoined from doing so. Plaintiffs are entitled to relief, including that provided by 35 U.S.C. §§ 271(e)(4) and/or 283, such as an order from this Court that the effective date of approval of the Alembic ANDA be a date that is not earlier than the expiration date of the '139 patent, or any later expiration of exclusivity for the '139 patent to which Plaintiffs are or become entitled, and an injunction against such infringement. Plaintiffs do not have an adequate remedy at law.

370.    Defendants have had knowledge of the '139 patent since at least the date Defendants submitted the Alembic ANDA and the Alembic Paragraph IV Certification and were aware that the submission of the Alembic ANDA and the Alembic Paragraph IV Certification constituted an act of infringement under 35 U.S.C. § 271(e)(2)(A).

371.    This is an exceptional case within the meaning of 35 U.S.C. § 285, and Plaintiffs are also entitled to declaratory judgment relief under 28 U.S.C. §§ 2201 and 2202.

<div align="center">

**COUNT XX**
**INFRINGEMENT OF THE '710 PATENT BY DEFENDANTS**

</div>

372.    Plaintiffs reallege all preceding paragraphs as if fully set forth herein.

373.    By submission of the Alembic ANDA with the Alembic Paragraph IV Certification to the FDA and notice to Plaintiffs of the same, Defendants declared their intent to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Alembic ANDA Products prior to the expiration of the '710 patent and under a label substantively the same as the label for CREXONT®, in the event that the FDA approves the Alembic ANDA. Accordingly, an

actual and immediate controversy exists regarding Defendants' infringement of the '710 patent under 35 U.S.C. §§ 271(b) and/or (c).

374. Defendants' submission of the Alembic ANDA with the Alembic Paragraph IV Certification to the FDA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Alembic ANDA Products before expiration of the '710 patent constituted an act of infringement of one or more claims of the '710 patent under 35 U.S.C. § 271(e)(2)(A).

375. Defendants' commercial manufacture, use, offer for sale, sale, and/or importation of the Alembic ANDA Products prior to expiration of the '710 patent, and Defendants' inducement of and/or contribution to such conduct, would further infringe at least one claim of the '710 patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(b), and/or (c).

376. If approved by the FDA, use of Alembic ANDA Products by healthcare professionals and patients that is consistent with a label that is substantively the same as the label for CREXONT® will directly infringe the '710 patent, either literally or under the doctrine of equivalents.

377. On information and belief, at least by virtue of the listing of the '710 patent in the Orange Book and Defendants' identification of the '710 patent in the Notice Letter and Detailed Statement, Defendants have knowledge of the '710 patent.

378. On information and belief, at least by virtue of their submission of the Alembic ANDA with the Alembic Paragraph IV Certification to the FDA and their identification of the '710 patent in the Notice Letter and Detailed Statement, Defendants have knowledge that use of the Alembic ANDA Products that is consistent with a label that is substantively the same as the label for CREXONT® constitutes infringement of the '710 patent.

379. Defendants, by filing the Alembic ANDA with the Alembic Paragraph IV Certification, have infringed, and by that conduct have shown an intent to actively induce infringement of one or more claims of the '710 patent under 35 U.S.C. § 271(b). On information and belief, Defendants will do so by marketing the Alembic ANDA Products and encouraging healthcare professionals and patients to use them in a manner that constitutes direct infringement of one or more of the claims of the '710 patent, either literally or under the doctrine of equivalents.

380. For example, on information and belief, if approved by the FDA, the Alembic ANDA Products will be sold under a label substantively the same as the label for CREXONT®, including indications for prescribing and administering the Alembic ANDA Products to human patients to, *inter alia*, treat Parkinson's disease. Uses of the Alembic ANDA Products for these indications will constitute direct infringement of one or more claims of the '710 patent, either literally or under the doctrine of equivalents.

381. On information and belief, these direct infringing uses will occur with Defendants' specific intent and encouragement and will be uses that Defendants know or should know will occur.

382. On information and belief, Defendants will actively induce, encourage, and aid and abet this prescription and administration, with knowledge and specific intent that these uses will be in contravention of Plaintiffs' rights under the '710 patent and will constitute infringement.

383. On information and belief, upon FDA approval of the Alembic ANDA, Defendants will intentionally encourage direct infringement, either literally or under the doctrine of equivalents, with knowledge of the '710 patent. Defendants will do so through their promotional activities and package inserts for the Alembic ANDA Products, by encouraging healthcare professionals and patients to use the products in a manner that infringes the '710 patent.

384. Defendants, by filing the Alembic ANDA with the Alembic Paragraph IV Certification, have infringed, and by that conduct have shown an intent to contributorily infringe one or more claims of the '710 patent under 35 U.S.C. § 271(c), unless enjoined by this Court. On information and belief, Defendants will contribute to the direct infringement by others, either literally or under the doctrine of equivalents, with knowledge that the Alembic ANDA Products constitute a material part of at least one of the claims of the '710 patent. Defendants have had and continue to have knowledge that the Alembic ANDA Products are especially made or adapted for use in infringing one or more of the claims of the '710 patent and are not suitable for substantial non-infringing use.

385. Plaintiffs will be substantially and irreparably harmed if Defendants are permitted to make, use, sell, offer to sell, and/or import the Alembic ANDA Products and are not enjoined from doing so. Plaintiffs are entitled to relief, including that provided by 35 U.S.C. §§ 271(e)(4) and/or 283, such as an order from this Court that the effective date of approval of the Alembic ANDA be a date that is not earlier than the expiration date of the '710 patent, or any later expiration of exclusivity for the '710 patent to which Plaintiffs are or become entitled, and an injunction against such infringement. Plaintiffs do not have an adequate remedy at law.

386. Defendants have had knowledge of the '710 patent since at least the date Defendants submitted the Alembic ANDA and the Alembic Paragraph IV Certification and were aware that the submission of the Alembic ANDA and the Alembic Paragraph IV Certification constituted an act of infringement under 35 U.S.C. § 271(e)(2)(A).

387. This is an exceptional case within the meaning of 35 U.S.C. § 285, and Plaintiffs are also entitled to declaratory judgment relief under 28 U.S.C. §§ 2201 and 2202.

## COUNT XXI
## INFRINGEMENT OF THE '616 PATENT BY DEFENDANTS

388.    Plaintiffs reallege all preceding paragraphs as if fully set forth herein.

389.    By submission of the Alembic ANDA with the Alembic Paragraph IV Certification to the FDA and notice to Plaintiffs of the same, Defendants declared their intent to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Alembic ANDA Products prior to the expiration of the '616 patent and under a label substantively the same as the label for CREXONT®, in the event that the FDA approves the Alembic ANDA. Accordingly, an actual and immediate controversy exists regarding Defendants' infringement of the '616 patent under 35 U.S.C. §§ 271(b) and/or (c).

390.    Defendants' submission of the Alembic ANDA with the Alembic Paragraph IV Certification to the FDA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Alembic ANDA Products before expiration of the '616 patent constituted an act of infringement of one or more claims of the '616 patent under 35 U.S.C. § 271(e)(2)(A).

391.    Defendants' commercial manufacture, use, offer for sale, sale, and/or importation of the Alembic ANDA Products prior to expiration of the '616 patent, and Defendants' inducement of and/or contribution to such conduct, would further infringe at least one claim of the '616 patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(b), and/or (c).

392.    If approved by the FDA, use of Alembic ANDA Products by healthcare professionals and patients that is consistent with a label that is substantively the same as the label for CREXONT® will directly infringe the '616 patent, either literally or under the doctrine of equivalents.

393.    On information and belief, at least by virtue of the listing of the '616 patent in the Orange Book and Defendants' identification of the '616 patent in the Notice Letter and Detailed Statement, Defendants have knowledge of the '616 patent.

394.    On information and belief, at least by virtue of their submission of the Alembic ANDA with the Alembic Paragraph IV Certification to the FDA and their identification of the '616 patent in the Notice Letter and Detailed Statement, Defendants have knowledge that use of the Alembic ANDA Products that is consistent with a label that is substantively the same as the label for CREXONT® constitutes infringement of the '616 patent.

395.    Defendants, by filing the Alembic ANDA with the Alembic Paragraph IV Certification, have infringed, and by that conduct have shown an intent to actively induce infringement of one or more claims of the '616 patent under 35 U.S.C. § 271(b). On information and belief, Defendants will do so by marketing the Alembic ANDA Products and encouraging healthcare professionals and patients to use them in a manner that constitutes direct infringement of one or more of the claims of the '616 patent, either literally or under the doctrine of equivalents.

396.    For example, on information and belief, if approved by the FDA, the Alembic ANDA Products will be sold under a label substantively the same as the label for CREXONT®, including indications for prescribing and administering the Alembic ANDA Products to human patients to, *inter alia*, treat Parkinson's disease. Uses of the Alembic ANDA Products for these indications will constitute direct infringement of one or more claims of the '616 patent, either literally or under the doctrine of equivalents.

397.    On information and belief, these direct infringing uses will occur with Defendants' specific intent and encouragement and will be uses that Defendants know or should know will occur.

398. On information and belief, Defendants will actively induce, encourage, and aid and abet this prescription and administration, with knowledge and specific intent that these uses will be in contravention of Plaintiffs' rights under the '616 patent and will constitute infringement.

399. On information and belief, upon FDA approval of the Alembic ANDA, Defendants will intentionally encourage direct infringement, either literally or under the doctrine of equivalents, with knowledge of the '616 patent. Defendants will do so through their promotional activities and package inserts for the Alembic ANDA Products, by encouraging healthcare professionals and patients to use the products in a manner that infringes the '616 patent.

400. Defendants, by filing the Alembic ANDA with the Alembic Paragraph IV Certification, have infringed, and by that conduct have shown an intent to contributorily infringe one or more claims of the '616 patent under 35 U.S.C. § 271(c), unless enjoined by this Court. On information and belief, Defendants will contribute to the direct infringement by others, either literally or under the doctrine of equivalents, with knowledge that the Alembic ANDA Products constitute a material part of at least one of the claims of the '616 patent. Defendants have had and continue to have knowledge that the Alembic ANDA Products are especially made or adapted for use in infringing one or more of the claims of the '616 patent and are not suitable for substantial non-infringing use.

401. Plaintiffs will be substantially and irreparably harmed if Defendants are permitted to make, use, sell, offer to sell, and/or import the Alembic ANDA Products and are not enjoined from doing so. Plaintiffs are entitled to relief, including that provided by 35 U.S.C. §§ 271(e)(4) and/or 283, such as an order from this Court that the effective date of approval of the Alembic ANDA be a date that is not earlier than the expiration date of the '616 patent, or any later expiration

of exclusivity for the '616 patent to which Plaintiffs are or become entitled, and an injunction against such infringement. Plaintiffs do not have an adequate remedy at law.

402. Defendants have had knowledge of the '616 patent since at least the date Defendants submitted the Alembic ANDA and the Alembic Paragraph IV Certification and were aware that the submission of the Alembic ANDA and the Alembic Paragraph IV Certification constituted an act of infringement under 35 U.S.C. § 271(e)(2)(A).

403. This is an exceptional case within the meaning of 35 U.S.C. § 285, and Plaintiffs are also entitled to declaratory judgment relief under 28 U.S.C. §§ 2201 and 2202.

<div align="center">

**COUNT XXII**
**INFRINGEMENT OF THE '141 PATENT BY DEFENDANTS**

</div>

404. Plaintiffs reallege all preceding paragraphs as if fully set forth herein.

405. By submission of the Alembic ANDA with the Alembic Paragraph IV Certification to the FDA and notice to Plaintiffs of the same, Defendants declared their intent to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Alembic ANDA Products prior to the expiration of the '141 patent and under a label substantively the same as the label for CREXONT®, in the event that the FDA approves the Alembic ANDA. Accordingly, an actual and immediate controversy exists regarding Defendants' infringement of the '141 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

406. Defendants' submission of the Alembic ANDA with the Alembic Paragraph IV Certification to the FDA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Alembic ANDA Products before expiration of the '141 patent constituted an act of infringement of one or more claims of the '141 patent under 35 U.S.C. § 271(e)(2)(A).

407.    Defendants' commercial manufacture, use, offer for sale, sale, and/or importation of the Alembic ANDA Products prior to expiration of the '141 patent, and Defendants' inducement of and/or contribution to such conduct, would further infringe at least one claim of the '141 patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), (b), and/or (c).

408.    If approved by the FDA, use of Alembic ANDA Products by healthcare professionals and patients that is consistent with a label that is substantively the same as the label for CREXONT® will directly infringe the '141 patent, either literally or under the doctrine of equivalents.

409.    By filing the Alembic ANDA with the Alembic Paragraph IV Certification, Defendants have infringed, and by that conduct have shown an intent to, and will, infringe at least one claim of the '141 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing the Alembic Products, either literally or under the doctrine of equivalents, upon FDA approval of the Alembic ANDA, unless enjoined by this Court.

410.    On information and belief, at least by virtue of the listing of the '141 patent in the Orange Book and Defendants' identification of the '141 patent in the Notice Letter and Detailed Statement, Defendants have knowledge of the '141 patent.

411.    In the Notice Letter and Detailed Statement, Defendants set forth no grounds for non-infringement for any claim of the '141 patent.

412.    On information and belief, at least by virtue of their submission of the Alembic ANDA with the Alembic Paragraph IV Certification to the FDA and their identification of the '141 patent in the Notice Letter and Detailed Statement, Defendants have knowledge that use of the Alembic ANDA Products that is consistent with a label that is substantively the same as the label for CREXONT® constitutes infringement of the '141 patent.

413.    Defendants, by filing the Alembic ANDA with the Alembic Paragraph IV Certification, have infringed, and by that conduct have shown an intent to actively induce infringement of one or more claims of the '141 patent under 35 U.S.C. § 271(b). On information and belief, Defendants will do so by marketing the Alembic ANDA Products and encouraging healthcare professionals and patients to use them in a manner that constitutes direct infringement of one or more of the claims of the '141 patent, either literally or under the doctrine of equivalents.

414.    For example, on information and belief, if approved by the FDA, the Alembic ANDA Products will be sold under a label substantively the same as the label for CREXONT®, including indications for prescribing and administering the Alembic ANDA Products to human patients to, *inter alia*, treat Parkinson's disease. Uses of the Alembic ANDA Products for these indications will constitute direct infringement of one or more claims of the '141 patent, either literally or under the doctrine of equivalents.

415.    On information and belief, these direct infringing uses will occur with Defendants' specific intent and encouragement and will be uses that Defendants know or should know will occur.

416.    On information and belief, Defendants will actively induce, encourage, and aid and abet this prescription and administration, with knowledge and specific intent that these uses will be in contravention of Plaintiffs' rights under the '141 patent and will constitute infringement.

417.    On information and belief, upon FDA approval of the Alembic ANDA, Defendants will intentionally encourage direct infringement, either literally or under the doctrine of equivalents, with knowledge of the '141 patent. Defendants will do so through their promotional activities and package inserts for the Alembic ANDA Products, by encouraging healthcare professionals and patients to use the products in a manner that infringes the '141 patent.

418.    Defendants, by filing the Alembic ANDA with the Alembic Paragraph IV Certification, have infringed, and by that conduct have shown an intent to contributorily infringe one or more claims of the '141 patent under 35 U.S.C. § 271(c), unless enjoined by this Court. On information and belief, Defendants will contribute to the direct infringement by others, either literally or under the doctrine of equivalents, with knowledge that the Alembic ANDA Products constitute a material part of at least one of the claims of the '141 patent. Defendants have had and continue to have knowledge that the Alembic ANDA Products are especially made or adapted for use in infringing one or more of the claims of the '141 patent and are not suitable for substantial non-infringing use.

419.    Plaintiffs will be substantially and irreparably harmed if Defendants are permitted to make, use, sell, offer to sell, and/or import the Alembic ANDA Products and are not enjoined from doing so. Plaintiffs are entitled to relief, including that provided by 35 U.S.C. §§ 271(e)(4) and/or 283, such as an order from this Court that the effective date of approval of the Alembic ANDA be a date that is not earlier than the expiration date of the '141 patent, or any later expiration of exclusivity for the '141 patent to which Plaintiffs are or become entitled, and an injunction against such infringement. Plaintiffs do not have an adequate remedy at law.

420.    Defendants have had knowledge of the '141 patent since at least the date Defendants submitted the Alembic ANDA and the Alembic Paragraph IV Certification and were aware that the submission of the Alembic ANDA and the Alembic Paragraph IV Certification constituted an act of infringement under 35 U.S.C. § 271(e)(2)(A).

421.    This is an exceptional case within the meaning of 35 U.S.C. § 285, and Plaintiffs are also entitled to declaratory judgment relief under 28 U.S.C. §§ 2201 and 2202.

## COUNT XXIII
## INFRINGEMENT OF THE '919 PATENT BY DEFENDANTS

422.    Plaintiffs reallege all preceding paragraphs as if fully set forth herein.

423.    By submission of the Alembic ANDA with the Alembic Paragraph IV Certification to the FDA and notice to Plaintiffs of the same, Defendants declared their intent to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Alembic ANDA Products prior to the expiration of the '919 patent and under a label substantively the same as the label for CREXONT®, in the event that the FDA approves the Alembic ANDA. Accordingly, an actual and immediate controversy exists regarding Defendants' infringement of the '919 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

424.    Defendants' submission of the Alembic ANDA with the Alembic Paragraph IV Certification to the FDA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Alembic ANDA Products before expiration of the '919 patent constituted an act of infringement of one or more claims of the '919 patent under 35 U.S.C. § 271(e)(2)(A).

425.    Defendants' commercial manufacture, use, offer for sale, sale, and/or importation of the Alembic ANDA Products prior to expiration of the '919 patent, and Defendants' inducement of and/or contribution to such conduct, would further infringe at least one claim of the '919 patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), (b), and/or (c).

426.    If approved by the FDA, use of Alembic ANDA Products by healthcare professionals and patients that is consistent with a label that is substantively the same as the label for CREXONT® will directly infringe the '919 patent, either literally or under the doctrine of equivalents.

427.    By filing the Alembic ANDA with the Alembic Paragraph IV Certification, Defendants have infringed, and by that conduct have shown an intent to, and will, infringe at least one claim of the '919 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing the Alembic Products, either literally or under the doctrine of equivalents, upon FDA approval of the Alembic ANDA, unless enjoined by this Court.

428.    On information and belief, at least by virtue of the listing of the '919 patent in the Orange Book and Defendants' identification of the '919 patent in the Notice Letter and Detailed Statement, Defendants have knowledge of the '919 patent.

429.    In the Notice Letter and Detailed Statement, Defendants set forth no grounds for non-infringement for any claim of the '919 patent.

430.    On information and belief, at least by virtue of their submission of the Alembic ANDA with the Alembic Paragraph IV Certification to the FDA and their identification of the '919 patent in the Notice Letter and Detailed Statement, Defendants have knowledge that use of the Alembic ANDA Products that is consistent with a label that is substantively the same as the label for CREXONT® constitutes infringement of the '919 patent.

431.    Defendants, by filing the Alembic ANDA with the Alembic Paragraph IV Certification, have infringed, and by that conduct have shown an intent to actively induce infringement of one or more claims of the '919 patent under 35 U.S.C. § 271(b). On information and belief, Defendants will do so by marketing the Alembic ANDA Products and encouraging healthcare professionals and patients to use them in a manner that constitutes direct infringement of one or more of the claims of the '919 patent, either literally or under the doctrine of equivalents.

432.    For example, on information and belief, if approved by the FDA, the Alembic ANDA Products will be sold under a label substantively the same as the label for CREXONT®,

including indications for prescribing and administering the Alembic ANDA Products to human patients to, *inter alia*, treat Parkinson's disease. Uses of the Alembic ANDA Products for these indications will constitute direct infringement of one or more claims of the '919 patent, either literally or under the doctrine of equivalents.

433.    On information and belief, these direct infringing uses will occur with Defendants' specific intent and encouragement and will be uses that Defendants know or should know will occur.

434.    On information and belief, Defendants will actively induce, encourage, and aid and abet this prescription and administration, with knowledge and specific intent that these uses will be in contravention of Plaintiffs' rights under the '919 patent and will constitute infringement.

435.    On information and belief, upon FDA approval of the Alembic ANDA, Defendants will intentionally encourage direct infringement, either literally or under the doctrine of equivalents, with knowledge of the '919 patent. Defendants will do so through their promotional activities and package inserts for the Alembic ANDA Products, by encouraging healthcare professionals and patients to use the products in a manner that infringes the '919 patent.

436.    Defendants, by filing the Alembic ANDA with the Alembic Paragraph IV Certification, have infringed, and by that conduct have shown an intent to contributorily infringe one or more claims of the '919 patent under 35 U.S.C. § 271(c), unless enjoined by this Court. On information and belief, Defendants will contribute to the direct infringement by others, either literally or under the doctrine of equivalents, with knowledge that the Alembic ANDA Products constitute a material part of at least one of the claims of the '919 patent. Defendants have had and continue to have knowledge that the Alembic ANDA Products are especially made or adapted for

use in infringing one or more of the claims of the '919 patent and are not suitable for substantial non-infringing use.

437. Plaintiffs will be substantially and irreparably harmed if Defendants are permitted to make, use, sell, offer to sell, and/or import the Alembic ANDA Products and are not enjoined from doing so. Plaintiffs are entitled to relief, including that provided by 35 U.S.C. §§ 271(e)(4) and/or 283, such as an order from this Court that the effective date of approval of the Alembic ANDA be a date that is not earlier than the expiration date of the '919 patent, or any later expiration of exclusivity for the '919 patent to which Plaintiffs are or become entitled, and an injunction against such infringement. Plaintiffs do not have an adequate remedy at law.

438. Defendants have had knowledge of the '919 patent since at least the date Defendants submitted the Alembic ANDA and the Alembic Paragraph IV Certification and were aware that the submission of the Alembic ANDA and the Alembic Paragraph IV Certification constituted an act of infringement under 35 U.S.C. § 271(e)(2)(A).

439. This is an exceptional case within the meaning of 35 U.S.C. § 285, and Plaintiffs are also entitled to declaratory judgment relief under 28 U.S.C. §§ 2201 and 2202.

<div align="center">

**COUNT XXIV**
**INFRINGEMENT OF THE '793 PATENT BY DEFENDANTS**

</div>

440. Plaintiffs reallege all preceding paragraphs as if fully set forth herein.

441. By submission of the Alembic ANDA with the Alembic Paragraph IV Certification to the FDA and notice to Plaintiffs of the same, Defendants declared their intent to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Alembic ANDA Products prior to the expiration of the '793 patent and under a label substantively the same as the label for CREXONT®, in the event that the FDA approves the Alembic ANDA. Accordingly, an

actual and immediate controversy exists regarding Defendants' infringement of the '793 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

442.    Defendants' submission of the Alembic ANDA with the Alembic Paragraph IV Certification to the FDA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Alembic ANDA Products before expiration of the '793 patent constituted an act of infringement of one or more claims of the '793 patent under 35 U.S.C. § 271(e)(2)(A).

443.    Defendants' commercial manufacture, use, offer for sale, sale, and/or importation of the Alembic ANDA Products prior to expiration of the '793 patent, and Defendants' inducement of and/or contribution to such conduct, would further infringe at least one claim of the '793 patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), (b), and/or (c).

444.    If approved by the FDA, use of Alembic ANDA Products by healthcare professionals and patients that is consistent with a label that is substantively the same as the label for CREXONT® will directly infringe the '793 patent, either literally or under the doctrine of equivalents.

445.    By filing the Alembic ANDA with the Alembic Paragraph IV Certification, Defendants have infringed, and by that conduct have shown an intent to, and will, infringe at least one claim of the '793 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing the Alembic Products, either literally or under the doctrine of equivalents, upon FDA approval of the Alembic ANDA, unless enjoined by this Court.

446.    On information and belief, at least by virtue of the listing of the '793 patent in the Orange Book and Defendants' identification of the '793 patent in the Notice Letter and Detailed Statement, Defendants have knowledge of the '793 patent.

447.    In the Notice Letter and Detailed Statement, Defendants set forth no grounds for non-infringement for any claim of the '793 patent.

448.    On information and belief, at least by virtue of their submission of the Alembic ANDA with the Alembic Paragraph IV Certification to the FDA and their identification of the '793 patent in the Notice Letter and Detailed Statement, Defendants have knowledge that use of the Alembic ANDA Products that is consistent with a label that is substantively the same as the label for CREXONT® constitutes infringement of the '793 patent.

449.    Defendants, by filing the Alembic ANDA with the Alembic Paragraph IV Certification, have infringed, and by that conduct have shown an intent to actively induce infringement of one or more claims of the '793 patent under 35 U.S.C. § 271(b). On information and belief, Defendants will do so by marketing the Alembic ANDA Products and encouraging healthcare professionals and patients to use them in a manner that constitutes direct infringement of one or more of the claims of the '793 patent, either literally or under the doctrine of equivalents.

450.    On information and belief, these direct infringing uses will occur with Defendants' specific intent and encouragement and will be uses that Defendants know or should know will occur.

451.    On information and belief, Defendants will actively induce, encourage, and aid and abet this prescription and administration, with knowledge and specific intent that these uses will be in contravention of Plaintiffs' rights under the '793 patent and will constitute infringement.

452.    On information and belief, upon FDA approval of the Alembic ANDA, Defendants will intentionally encourage direct infringement, either literally or under the doctrine of equivalents, with knowledge of the '793 patent. Defendants will do so through their promotional

activities and package inserts for the Alembic ANDA Products, by encouraging healthcare professionals and patients to use the products in a manner that infringes the '793 patent.

453. Defendants, by filing the Alembic ANDA with the Alembic Paragraph IV Certification, have infringed, and by that conduct have shown an intent to contributorily infringe one or more claims of the '793 patent under 35 U.S.C. § 271(c), unless enjoined by this Court. On information and belief, Defendants will contribute to the direct infringement by others, either literally or under the doctrine of equivalents, with knowledge that the Alembic ANDA Products constitute a material part of at least one of the claims of the '793 patent. Defendants have had and continue to have knowledge that the Alembic ANDA Products are especially made or adapted for use in infringing one or more of the claims of the '793 patent and are not suitable for substantial non-infringing use.

454. Plaintiffs will be substantially and irreparably harmed if Defendants are permitted to make, use, sell, offer to sell, and/or import the Alembic ANDA Products and are not enjoined from doing so. Plaintiffs are entitled to relief, including that provided by 35 U.S.C. §§ 271(e)(4) and/or 283, such as an order from this Court that the effective date of approval of the Alembic ANDA be a date that is not earlier than the expiration date of the '793 patent, or any later expiration of exclusivity for the '793 patent to which Plaintiffs are or become entitled, and an injunction against such infringement. Plaintiffs do not have an adequate remedy at law.

455. Defendants have had knowledge of the '793 patent since at least the date Defendants submitted the Alembic ANDA and the Alembic Paragraph IV Certification and were aware that the submission of the Alembic ANDA and the Alembic Paragraph IV Certification constituted an act of infringement under 35 U.S.C. § 271(e)(2)(A).

456. This is an exceptional case within the meaning of 35 U.S.C. § 285, and Plaintiffs are also entitled to declaratory judgment relief under 28 U.S.C. §§ 2201 and 2202.

## COUNT XXV
## INFRINGEMENT OF THE '605 PATENT BY DEFENDANTS

457. Plaintiffs reallege all preceding paragraphs as if fully set forth herein.

458. By submission of the Alembic ANDA with the Alembic Paragraph IV Certification to the FDA and notice to Plaintiffs of the same, Defendants declared their intent to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Alembic ANDA Products prior to the expiration of the '605 patent and under a label substantively the same as the label for CREXONT®, in the event that the FDA approves the Alembic ANDA. Accordingly, an actual and immediate controversy exists regarding Defendants' infringement of the '605 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

459. Defendants' submission of the Alembic ANDA with the Alembic Paragraph IV Certification to the FDA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Alembic ANDA Products before expiration of the '605 patent constituted an act of infringement of one or more claims of the '605 patent under 35 U.S.C. § 271(e)(2)(A).

460. Defendants' commercial manufacture, use, offer for sale, sale, and/or importation of the Alembic ANDA Products prior to expiration of the '605 patent, and Defendants' inducement of and/or contribution to such conduct, would further infringe at least one claim of the '605 patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), (b), and/or (c).

461. If approved by the FDA, use of Alembic ANDA Products by healthcare professionals and patients that is consistent with a label that is substantively the same as the label

for CREXONT® will directly infringe the '605 patent, either literally or under the doctrine of equivalents.

462.    By filing the Alembic ANDA with the Alembic Paragraph IV Certification, Defendants have infringed, and by that conduct have shown an intent to, and will, infringe at least one claim of the '605 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing the Alembic Products, either literally or under the doctrine of equivalents, upon FDA approval of the Alembic ANDA, unless enjoined by this Court.

463.    On information and belief, at least by virtue of the listing of the '605 patent in the Orange Book and Defendants' identification of the '605 patent in the Notice Letter and Detailed Statement, Defendants have knowledge of the '605 patent.

464.    In the Notice Letter and Detailed Statement, Defendants set forth no grounds for non-infringement for any claim of the '605 patent.

465.    On information and belief, at least by virtue of their submission of the Alembic ANDA with the Alembic Paragraph IV Certification to the FDA and their identification of the '605 patent in the Notice Letter and Detailed Statement, Defendants have knowledge that use of the Alembic ANDA Products that is consistent with a label that is substantively the same as the label for CREXONT® constitutes infringement of the '605 patent.

466.    Defendants, by filing the Alembic ANDA with the Alembic Paragraph IV Certification, have infringed, and by that conduct have shown an intent to actively induce infringement of one or more claims of the '605 patent under 35 U.S.C. § 271(b). On information and belief, Defendants will do so by marketing the Alembic ANDA Products and encouraging healthcare professionals and patients to use them in a manner that constitutes direct infringement of one or more of the claims of the '605 patent, either literally or under the doctrine of equivalents.

467. On information and belief, these direct infringing uses will occur with Defendants' specific intent and encouragement and will be uses that Defendants know or should know will occur.

468. On information and belief, Defendants will actively induce, encourage, and aid and abet this prescription and administration, with knowledge and specific intent that these uses will be in contravention of Plaintiffs' rights under the '605 patent and will constitute infringement.

469. On information and belief, upon FDA approval of the Alembic ANDA, Defendants will intentionally encourage direct infringement, either literally or under the doctrine of equivalents, with knowledge of the '605 patent. Defendants will do so through their promotional activities and package inserts for the Alembic ANDA Products, by encouraging healthcare professionals and patients to use the products in a manner that infringes the '605 patent.

470. Defendants, by filing the Alembic ANDA with the Alembic Paragraph IV Certification, have infringed, and by that conduct have shown an intent to contributorily infringe one or more claims of the '605 patent under 35 U.S.C. § 271(c), unless enjoined by this Court. On information and belief, Defendants will contribute to the direct infringement by others, either literally or under the doctrine of equivalents, with knowledge that the Alembic ANDA Products constitute a material part of at least one of the claims of the '605 patent. Defendants have had and continue to have knowledge that the Alembic ANDA Products are especially made or adapted for use in infringing one or more of the claims of the '605 patent and are not suitable for substantial non-infringing use.

471. Plaintiffs will be substantially and irreparably harmed if Defendants are permitted to make, use, sell, offer to sell, and/or import the Alembic ANDA Products and are not enjoined from doing so. Plaintiffs are entitled to relief, including that provided by 35 U.S.C. §§ 271(e)(4)

and/or 283, such as an order from this Court that the effective date of approval of the Alembic ANDA be a date that is not earlier than the expiration date of the '605 patent, or any later expiration of exclusivity for the '605 patent to which Plaintiffs are or become entitled, and an injunction against such infringement. Plaintiffs do not have an adequate remedy at law.

472.   Defendants have had knowledge of the '605 patent since at least the date Defendants submitted the Alembic ANDA and the Alembic Paragraph IV Certification and were aware that the submission of the Alembic ANDA and the Alembic Paragraph IV Certification constituted an act of infringement under 35 U.S.C. § 271(e)(2)(A).

473.   This is an exceptional case within the meaning of 35 U.S.C. § 285, and Plaintiffs are also entitled to declaratory judgment relief under 28 U.S.C. §§ 2201 and 2202.

**COUNT XXVI**
**INFRINGEMENT OF THE '148 PATENT BY DEFENDANTS**

474.   Plaintiffs reallege all preceding paragraphs as if fully set forth herein.

475.   By submission of the Alembic ANDA with the Alembic Paragraph IV Certification to the FDA and notice to Plaintiffs of the same, Defendants declared their intent to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Alembic ANDA Products prior to the expiration of the '148 patent and under a label substantively the same as the label for CREXONT®, in the event that the FDA approves the Alembic ANDA. Accordingly, an actual and immediate controversy exists regarding Defendants' infringement of the '148 patent under 35 U.S.C. §§ 271(b) and/or (c).

476.   Defendants' submission of the Alembic ANDA with the Alembic Paragraph IV Certification to the FDA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Alembic ANDA Products before expiration of the '148

patent constituted an act of infringement of one or more claims of the '148 patent under 35 U.S.C. § 271(e)(2)(A).

477.    Defendants' commercial manufacture, use, offer for sale, sale, and/or importation of the Alembic ANDA Products prior to expiration of the '148 patent, and Defendants' inducement of and/or contribution to such conduct, would further infringe at least one claim of the '148 patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(b) and/or (c).

478.    If approved by the FDA, use of Alembic ANDA Products by healthcare professionals and patients that is consistent with a label that is substantively the same as the label for CREXONT® will directly infringe the '148 patent, either literally or under the doctrine of equivalents.

479.    On information and belief, at least by virtue of the listing of the '148 patent in the Orange Book and Defendants' identification of the '148 patent in the Notice Letter and Detailed Statement, Defendants have knowledge of the '148 patent.

480.    On information and belief, Defendants have knowledge that the Alembic ANDA Products will infringe the '148 patent.

481.    In the Notice Letter and Detailed Statement, Defendants set forth no grounds for non-infringement for any claim of the '148 patent.

482.    On information and belief, at least by virtue of their submission of the Alembic ANDA with the Alembic Paragraph IV Certification to the FDA and their identification of the '148 patent in the Notice Letter and Detailed Statement, Defendants have knowledge that use of the Alembic ANDA Products that is consistent with a label that is substantively the same as the label for CREXONT® constitutes infringement of the '148 patent.

483. Defendants, by filing the Alembic ANDA with the Alembic Paragraph IV Certification, have infringed, and by that conduct have shown an intent to actively induce infringement of one or more claims of the '148 patent under 35 U.S.C. § 271(b). On information and belief, Defendants will do so by marketing the Alembic ANDA Products and encouraging healthcare professionals and patients to use them in a manner that constitutes direct infringement of one or more of the claims of the '148 patent, either literally or under the doctrine of equivalents.

484. For example, on information and belief, if approved by the FDA, the Alembic ANDA Products will be sold under a label substantively the same as the label for CREXONT®, including indications for prescribing and administering the Alembic ANDA Products to human patients to, *inter alia*, treat Parkinson's disease. Uses of the Alembic ANDA Products for these indications will constitute direct infringement of one or more claims of the '148 patent, either literally or under the doctrine of equivalents.

485. On information and belief, these direct infringing uses will occur with Defendants' specific intent and encouragement and will be uses that Defendants know or should know will occur.

486. On information and belief, Defendants will actively induce, encourage, and aid and abet this prescription and administration, with knowledge and specific intent that these uses will be in contravention of Plaintiffs' rights under the '148 patent and will constitute infringement.

487. On information and belief, upon FDA approval of the Alembic ANDA, Defendants will intentionally encourage direct infringement, either literally or under the doctrine of equivalents, with knowledge of the '148 patent. Defendants will do so through their promotional activities and package inserts for the Alembic ANDA Products, by encouraging healthcare professionals and patients to use the products in a manner that infringes the '148 patent.

488.    Defendants, by filing the Alembic ANDA with the Alembic Paragraph IV Certification, have infringed, and by that conduct have shown an intent to contributorily infringe one or more claims of the '148 patent under 35 U.S.C. § 271(c), unless enjoined by this Court. On information and belief, Defendants will contribute to the direct infringement by others, either literally or under the doctrine of equivalents, with knowledge that the Alembic ANDA Products constitute a material part of at least one of the claims of the '148 patent. Defendants have had and continue to have knowledge that the Alembic ANDA Products are especially made or adapted for use in infringing one or more of the claims of the '148 patent and are not suitable for substantial non-infringing use.

489.    Plaintiffs will be substantially and irreparably harmed if Defendants are permitted to make, use, sell, offer to sell, and/or import the Alembic ANDA Products and are not enjoined from doing so. Plaintiffs are entitled to relief, including that provided by 35 U.S.C. §§ 271(e)(4) and/or 283, such as an order from this Court that the effective date of approval of the Alembic ANDA be a date that is not earlier than the expiration date of the '148 patent, or any later expiration of exclusivity for the '148 patent to which Plaintiffs are or become entitled, and an injunction against such infringement. Plaintiffs do not have an adequate remedy at law.

490.    Defendants have had knowledge of the '148 patent since at least the date Defendants submitted the Alembic ANDA and the Alembic Paragraph IV Certification and were aware that the submission of the Alembic ANDA and the Alembic Paragraph IV Certification constituted an act of infringement under 35 U.S.C. § 271(e)(2)(A).

491.    This is an exceptional case within the meaning of 35 U.S.C. § 285, and Plaintiffs are also entitled to declaratory judgment relief under 28 U.S.C. §§ 2201 and 2202.

## COUNT XXVII
## INFRINGEMENT OF THE '931 PATENT BY DEFENDANTS

492.    Plaintiffs reallege all preceding paragraphs as if fully set forth herein.

493.    By submission of the Alembic ANDA with the Alembic Paragraph IV Certification to the FDA and notice to Plaintiffs of the same, Defendants declared their intent to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Alembic ANDA Products prior to the expiration of the '931 patent and under a label substantively the same as the label for CREXONT®, in the event that the FDA approves the Alembic ANDA. Accordingly, an actual and immediate controversy exists regarding Defendants' infringement of the '931 patent under 35 U.S.C. §§ 271(b) and/or (c).

494.    Defendants' submission of the Alembic ANDA with the Alembic Paragraph IV Certification to the FDA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Alembic ANDA Products before expiration of the '931 patent constituted an act of infringement of one or more claims of the '931 patent under 35 U.S.C. § 271(e)(2)(A).

495.    Defendants' commercial manufacture, use, offer for sale, sale, and/or importation of the Alembic ANDA Products prior to expiration of the '931 patent, and Defendants' inducement of and/or contribution to such conduct, would further infringe at least one claim of the '931 patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(b) and/or (c).

496.    If approved by the FDA, use of Alembic ANDA Products by healthcare professionals and patients that is consistent with a label that is substantively the same as the label for CREXONT® will directly infringe the '931 patent, either literally or under the doctrine of equivalents.

497.    On information and belief, at least by virtue of the listing of the '931 patent in the Orange Book and Defendants' identification of the '931 patent in the Notice Letter and Detailed Statement, Defendants have knowledge of the '931 patent.

498.    In the Notice Letter and Detailed Statement, Defendants set forth no grounds for non-infringement for any claim of the '931 patent.

499.    On information and belief, at least by virtue of their submission of the Alembic ANDA with the Alembic Paragraph IV Certification to the FDA and their identification of the '931 patent in the Notice Letter and Detailed Statement, Defendants have knowledge that use of the Alembic ANDA Products that is consistent with a label that is substantively the same as the label for CREXONT® constitutes infringement of the '931 patent.

500.    Defendants, by filing the Alembic ANDA with the Alembic Paragraph IV Certification, have infringed, and by that conduct have shown an intent to actively induce infringement of one or more claims of the '931 patent under 35 U.S.C. § 271(b). On information and belief, Defendants will do so by marketing the Alembic ANDA Products and encouraging healthcare professionals and patients to use them in a manner that constitutes direct infringement of one or more of the claims of the '931 patent, either literally or under the doctrine of equivalents.

501.    For example, on information and belief, if approved by the FDA, the Alembic ANDA Products will be sold under a label substantively the same as the label for CREXONT®, including indications for prescribing and administering the Alembic ANDA Products to human patients to, *inter alia*, treat Parkinson's disease. Uses of the Alembic ANDA Products for these indications will constitute direct infringement of one or more claims of the '931 patent, either literally or under the doctrine of equivalents.

502.    On information and belief, these direct infringing uses will occur with Defendants' specific intent and encouragement and will be uses that Defendants know or should know will occur.

503.    On information and belief, Defendants will actively induce, encourage, and aid and abet this prescription and administration, with knowledge and specific intent that these uses will be in contravention of Plaintiffs' rights under the '931 patent and will constitute infringement.

504.    On information and belief, upon FDA approval of the Alembic ANDA, Defendants will intentionally encourage direct infringement, either literally or under the doctrine of equivalents, with knowledge of the '931 patent. Defendants will do so through their promotional activities and package inserts for the Alembic ANDA Products, by encouraging healthcare professionals and patients to use the products in a manner that infringes the '931 patent.

505.    Defendants, by filing the Alembic ANDA with the Alembic Paragraph IV Certification, have infringed, and by that conduct have shown an intent to contributorily infringe one or more claims of the '931 patent under 35 U.S.C. § 271(c), unless enjoined by this Court. On information and belief, Defendants will contribute to the direct infringement by others, either literally or under the doctrine of equivalents, with knowledge that the Alembic ANDA Products constitute a material part of at least one of the claims of the '931 patent. Defendants have had and continue to have knowledge that the Alembic ANDA Products are especially made or adapted for use in infringing one or more of the claims of the '931 patent and are not suitable for substantial non-infringing use.

506.    Plaintiffs will be substantially and irreparably harmed if Defendants are permitted to make, use, sell, offer to sell, and/or import the Alembic ANDA Products and are not enjoined from doing so. Plaintiffs are entitled to relief, including that provided by 35 U.S.C. §§ 271(e)(4)

and/or 283, such as an order from this Court that the effective date of approval of the Alembic ANDA be a date that is not earlier than the expiration date of the '931 patent, or any later expiration of exclusivity for the '931 patent to which Plaintiffs are or become entitled, and an injunction against such infringement. Plaintiffs do not have an adequate remedy at law.

507.    Defendants have had knowledge of the '931 patent since at least the date Defendants submitted the Alembic ANDA and the Alembic Paragraph IV Certification and were aware that the submission of the Alembic ANDA and the Alembic Paragraph IV Certification constituted an act of infringement under 35 U.S.C. § 271(e)(2)(A).

508.    This is an exceptional case within the meaning of 35 U.S.C. § 285, and Plaintiffs are also entitled to declaratory judgment relief under 28 U.S.C. §§ 2201 and 2202.

<div align="center"><b><u>COUNT XXVIII</u><br><u>INFRINGEMENT OF THE '481 PATENT BY DEFENDANTS</u></b></div>

509.    Plaintiffs reallege all preceding paragraphs as if fully set forth herein.

510.    By submission of the Alembic ANDA with the Alembic Paragraph IV Certification to the FDA and notice to Plaintiffs of the same, Defendants declared their intent to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Alembic ANDA Products prior to the expiration of the '481 patent and under a label substantively the same as the label for CREXONT®, in the event that the FDA approves the Alembic ANDA. Accordingly, an actual and immediate controversy exists regarding Defendants' infringement of the '481 patent under 35 U.S.C. §§ 271(b) and/or (c).

511.    Defendants' submission of the Alembic ANDA with the Alembic Paragraph IV Certification to the FDA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Alembic ANDA Products before expiration of the '481

patent constituted an act of infringement of one or more claims of the '481 patent under 35 U.S.C. § 271(e)(2)(A).

512.    Defendants' commercial manufacture, use, offer for sale, sale, and/or importation of the Alembic ANDA Products prior to expiration of the '481 patent, and Defendants' inducement of and/or contribution to such conduct, would further infringe at least one claim of the '481 patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(b) and/or (c).

513.    If approved by the FDA, use of Alembic ANDA Products by healthcare professionals and patients that is consistent with a label that is substantively the same as the label for CREXONT® will directly infringe the '481 patent, either literally or under the doctrine of equivalents.

514.    On information and belief, at least by virtue of the listing of the '481 patent in the Orange Book and Defendants' identification of the '481 patent in the Notice Letter and Detailed Statement, Defendants have knowledge of the '481 patent.

515.    In the Notice Letter and Detailed Statement, Defendants set forth no grounds for non-infringement for any claim of the '481 patent. Upon information and belief, Defendants have knowledge that the Alembic ANDA Products will infringe at least one claim of the '481 patent.

516.    On information and belief, at least by virtue of their submission of the Alembic ANDA with the Alembic Paragraph IV Certification to the FDA and their identification of the '481 patent in the Notice Letter and Detailed Statement, Defendants have knowledge that use of the Alembic ANDA Products that is consistent with a label that is substantively the same as the label for CREXONT® constitutes infringement of the '481 patent.

517.    Defendants, by filing the Alembic ANDA with the Alembic Paragraph IV Certification, have infringed, and by that conduct have shown an intent to actively induce

infringement of one or more claims of the '481 patent under 35 U.S.C. § 271(b). On information and belief, Defendants will do so by marketing the Alembic ANDA Products and encouraging healthcare professionals and patients to use them in a manner that constitutes direct infringement of one or more of the claims of the '481 patent, either literally or under the doctrine of equivalents.

518.    For example, on information and belief, if approved by the FDA, the Alembic ANDA Products will be sold under a label substantively the same as the label for CREXONT®, including indications for prescribing and administering the Alembic ANDA Products to human patients to, *inter alia*, treat Parkinson's disease. Uses of the Alembic ANDA Products for these indications will constitute direct infringement of one or more claims of the '481 patent, either literally or under the doctrine of equivalents.

519.    On information and belief, these direct infringing uses will occur with Defendants' specific intent and encouragement and will be uses that Defendants know or should know will occur.

520.    On information and belief, Defendants will actively induce, encourage, and aid and abet this prescription and administration, with knowledge and specific intent that these uses will be in contravention of Plaintiffs' rights under the '481 patent and will constitute infringement.

521.    On information and belief, upon FDA approval of the Alembic ANDA, Defendants will intentionally encourage direct infringement, either literally or under the doctrine of equivalents, with knowledge of the '481 patent. Defendants will do so through their promotional activities and package inserts for the Alembic ANDA Products, by encouraging healthcare professionals and patients to use the products in a manner that infringes the '481 patent.

522.    Defendants, by filing the Alembic ANDA with the Alembic Paragraph IV Certification, have infringed, and by that conduct have shown an intent to contributorily infringe

one or more claims of the '481 patent under 35 U.S.C. § 271(c), unless enjoined by this Court. On information and belief, Defendants will contribute to the direct infringement by others, either literally or under the doctrine of equivalents, with knowledge that the Alembic ANDA Products constitute a material part of at least one of the claims of the '481 patent. Defendants have had and continue to have knowledge that the Alembic ANDA Products are especially made or adapted for use in infringing one or more of the claims of the '481 patent and are not suitable for substantial non-infringing use.

523.    Plaintiffs will be substantially and irreparably harmed if Defendants are permitted to make, use, sell, offer to sell, and/or import the Alembic ANDA Products and are not enjoined from doing so. Plaintiffs are entitled to relief, including that provided by 35 U.S.C. §§ 271(e)(4) and/or 283, such as an order from this Court that the effective date of approval of the Alembic ANDA be a date that is not earlier than the expiration date of the '481 patent, or any later expiration of exclusivity for the '481 patent to which Plaintiffs are or become entitled, and an injunction against such infringement. Plaintiffs do not have an adequate remedy at law.

524.    Defendants have had knowledge of the '481 patent since at least the date Defendants submitted the Alembic ANDA and the Alembic Paragraph IV Certification and were aware that the submission of the Alembic ANDA and the Alembic Paragraph IV Certification constituted an act of infringement under 35 U.S.C. § 271(e)(2)(A).

525.    This is an exceptional case within the meaning of 35 U.S.C. § 285, and Plaintiffs are also entitled to declaratory judgment relief under 28 U.S.C. §§ 2201 and 2202.

<div align="center">

**COUNT XXIX**
**INFRINGEMENT OF THE '149 PATENT BY DEFENDANTS**

</div>

526.    Plaintiffs reallege all preceding paragraphs as if fully set forth herein.

527.    By submission of the Alembic ANDA with the Alembic Paragraph IV Certification to the FDA and notice to Plaintiffs of the same, Defendants declared their intent to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Alembic ANDA Products prior to the expiration of the '149 patent and under a label substantively the same as the label for CREXONT®, in the event that the FDA approves the Alembic ANDA. Accordingly, an actual and immediate controversy exists regarding Defendants' infringement of the '149 patent under 35 U.S.C. §§ 271(b) and/or (c).

528.    Defendants' submission of the Alembic ANDA with the Alembic Paragraph IV Certification to the FDA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Alembic ANDA Products before expiration of the '149 patent constituted an act of infringement of one or more claims of the '149 patent under 35 U.S.C. § 271(e)(2)(A).

529.    Defendants' commercial manufacture, use, offer for sale, sale, and/or importation of the Alembic ANDA Products prior to expiration of the '149 patent, and Defendants' inducement of and/or contribution to such conduct, would further infringe at least one claim of the '149 patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(b) and/or (c).

530.    If approved by the FDA, use of Alembic ANDA Products by healthcare professionals and patients that is consistent with a label that is substantively the same as the label for CREXONT® will directly infringe the '149 patent, either literally or under the doctrine of equivalents.

531.    On information and belief, at least by virtue of the listing of the '149 patent in the Orange Book and Defendants' identification of the '149 patent in the Notice Letter and Detailed Statement, Defendants have knowledge of the '149 patent.

532. In the Notice Letter and Detailed Statement, Defendants set forth no grounds for non-infringement for any claim of the '149 patent.

533. On information and belief, at least by virtue of their submission of the Alembic ANDA with the Alembic Paragraph IV Certification to the FDA and their identification of the '149 patent in the Notice Letter and Detailed Statement, Defendants have knowledge that use of the Alembic ANDA Products that is consistent with a label that is substantively the same as the label for CREXONT® constitutes infringement of the '149 patent.

534. Defendants, by filing the Alembic ANDA with the Alembic Paragraph IV Certification, have infringed, and by that conduct have shown an intent to actively induce infringement of one or more claims of the '149 patent under 35 U.S.C. § 271(b). On information and belief, Defendants will do so by marketing the Alembic ANDA Products and encouraging healthcare professionals and patients to use them in a manner that constitutes direct infringement of one or more of the claims of the '149 patent, either literally or under the doctrine of equivalents.

535. For example, on information and belief, if approved by the FDA, the Alembic ANDA Products will be sold under a label substantively the same as the label for CREXONT®, including indications for prescribing and administering the Alembic ANDA Products to human patients to, *inter alia*, treat Parkinson's disease. Uses of the Alembic ANDA Products for these indications will constitute direct infringement of one or more claims of the '149 patent, either literally or under the doctrine of equivalents.

536. On information and belief, these direct infringing uses will occur with Defendants' specific intent and encouragement and will be uses that Defendants know or should know will occur.

537.    On information and belief, Defendants will actively induce, encourage, and aid and abet this prescription and administration, with knowledge and specific intent that these uses will be in contravention of Plaintiffs' rights under the '149 patent and will constitute infringement.

538.    On information and belief, upon FDA approval of the Alembic ANDA, Defendants will intentionally encourage direct infringement, either literally or under the doctrine of equivalents, with knowledge of the '149 patent. Defendants will do so through their promotional activities and package inserts for the Alembic ANDA Products, by encouraging healthcare professionals and patients to use the products in a manner that infringes the '149 patent.

539.    Defendants, by filing the Alembic ANDA with the Alembic Paragraph IV Certification, have infringed, and by that conduct have shown an intent to contributorily infringe one or more claims of the '149 patent under 35 U.S.C. § 271(c), unless enjoined by this Court. On information and belief, Defendants will contribute to the direct infringement by others, either literally or under the doctrine of equivalents, with knowledge that the Alembic ANDA Products constitute a material part of at least one of the claims of the '149 patent. Defendants have had and continue to have knowledge that the Alembic ANDA Products are especially made or adapted for use in infringing one or more of the claims of the '149 patent and are not suitable for substantial non-infringing use.

540.    Plaintiffs will be substantially and irreparably harmed if Defendants are permitted to make, use, sell, offer to sell, and/or import the Alembic ANDA Products and are not enjoined from doing so. Plaintiffs are entitled to relief, including that provided by 35 U.S.C. §§ 271(e)(4) and/or 283, such as an order from this Court that the effective date of approval of the Alembic ANDA be a date that is not earlier than the expiration date of the '149 patent, or any later expiration

of exclusivity for the '149 patent to which Plaintiffs are or become entitled, and an injunction against such infringement. Plaintiffs do not have an adequate remedy at law.

541.    Defendants have had knowledge of the '149 patent since at least the date Defendants submitted the Alembic ANDA and the Alembic Paragraph IV Certification and were aware that the submission of the Alembic ANDA and the Alembic Paragraph IV Certification constituted an act of infringement under 35 U.S.C. § 271(e)(2)(A).

542.    This is an exceptional case within the meaning of 35 U.S.C. § 285, and Plaintiffs are also entitled to declaratory judgment relief under 28 U.S.C. §§ 2201 and 2202.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment against Defendants and for the following relief:

a.    A judgment under 35 U.S.C. § 271(e)(2)(A) that Defendants have infringed at least one claim of the '845, '935, '058, '769, '313, '733, '941, '538, '521, '918, '099, '164, '449, '185, '150, '596, '482, '163, '139, '710, '616, '141, '919, '793, '605, '148, '931, '481, and '149 patents through Defendants' submission of the Alembic ANDA and the Alembic Paragraph IV Certification to the FDA seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Alembic ANDA Products before the expiration of such patents;

b.    A judgment under 35 U.S.C. §§ 271(a), (b), and/or (c) that Defendant's commercial manufacture, use, offer for sale, sale, and/or importation of the Alembic ANDA Products prior to the expiration of the Patents-in-Suit will infringe, actively induce infringement, and/or contribute to the infringement, literally or under the doctrine of equivalents, of at least one claim of the Patents-in-Suit;

c.      An order pursuant to 35 U.S.C. § 271(e)(4)(A) providing that the effective date of any approval of the Alembic ANDA under § 505(j) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355(j)) shall not be earlier than the latest of the expiration dates of the Patents-in-Suit, including any extensions thereof;

d.      The entry of a preliminary and/or permanent injunction enjoining Defendants, their affiliates and subsidiaries, and each of their officers, agents, servants, employees, and those persons acting in active concert or participation with all or any of them, from (i) engaging in the commercial manufacture, use, offer to sell, or sale within the United States, and/or importation in or into the United States, of drugs or methods of administering drugs claimed in the Patents-in-Suit, and (ii) seeking, obtaining, or maintaining approval of the Alembic ANDA until the expiration of the Patents-in-Suit or such other later time as the Court may determine;

e.      Damages or other monetary relief to Plaintiffs if Defendants commercially manufacture, use, offer to sell, sell, and/or import in or into the United States the Alembic ANDA Products prior to the expiration of the Patents-in-Suit, including any extensions, and that any such monetary relief be awarded to Plaintiffs with prejudgment interest;

f.      A finding that this is an exceptional case pursuant to 35 U.S.C. § 285 and awarding Plaintiffs their attorney's fees incurred in this action;

g.      Declaratory judgment relief as appropriate under 28 U.S.C. §§ 2201 and 2202;

h.      A judgment awarding Plaintiffs their costs and expenses incurred in this action; and

i.  Such further and other relief as this Court may deem just and proper.

|  |  |
|---|---|
|  | */s/ James H. S. Levine* |
| OF COUNSEL: | James H. S. Levine (Del. Bar No. 5355) |
|  | TROUTMAN PEPPER LOCKE LLP |
| Andrew P. Zappia (*pro hac vice* to be filed) | 1313 Market Street, Suite 1000 |
| TROUTMAN PEPPER LOCKE LLP | P.O. Box 1709 |
| 70 Linden Oaks, Suite 210 | Wilmington, DE 19899-1709 |
| Rochester, NY  14625 | Telephone: 302-777-6500 |
| Telephone: (585) 270-2102 | james.levine@troutman.com |
| Andrew.Zappia@troutman.com |  |
|  | *Attorneys for Attorneys for Plaintiffs Amneal* |
| L. Andrew Tseng (*pro hac vice* to be filed) | *Pharmaceuticals LLC and Impax Laboratories, LLC* |
| TROUTMAN PEPPER LOCKE LLP |  |
| 125 High Street, 19th Floor |  |
| Boston, MA  02110 |  |
| Telephone: (617) 204-5122 |  |
| Andrew.Tseng@troutman.com |  |

Dated: July 2, 2026